## THE STATE *v.* SAMUEL HAMPTON.

Where one was going down the steps which led from a Court room, and another who was before him in striking distance, stopped, turned about, clenched his right hand (the arm being bent at the elbow but not drawn back) and said, I have a good mind to hit you, whereupon the former walked away and went down another staircase: *Held* that the latter was guilty of assault.

(*State* v. *Myerfield*, Phil., 108, cited and approved.)

ASSAULT, tried before *Cilley, J.*, at Spring Term 1868, of the Superior Court of GUILFORD.

The following special verdict was submitted to the judgment of his Honor below: As the prosecutor was going in a crowd down one of the staircases leading out of the Court House in Greensboro', and was stepping down the first step, the defendant, who was in front of him, and in striking distance, stopped, turned about, and with right hand clenched, his right arm bent at his side, but not drawn back, said, I have a great mind to hit you; that before this, and as the crowd was leaving the Court House, the defendant had said, If the crowd will go along to see, I will cowhide Lindsay; that Lindsay had no way to go down that staircase but by pushing past the defendant; and that he turned away from defendant and went down another staircase.

The Court being of opinion that the defendant was not guilty, the Solicitor for the State appealed.

*Attorney General*, for the State.

No counsel *contra.*

READE, J.   It would seem that there ought to be no difficulty in determining whether any given state of facts amounts to an assault.   But the behavior of men towards each other varies by such mere shades, that it is sometimes very difficult to characterize properly their acts and declarations.

We find it so in the case before us.   An assault is usually defined to be an offer, or attempt to strike another.   An *attempt* means something more than an *offer*.   As therefore, an *offer* is a necessary ingredient in an assault, and as an *attempt*, or anything else, is not such, it would probably be more precisely accurate to say, that an assault is an offer to strike another.

The distinction between an offer to strike and an attempt to strike, is very clearly stated in *State* v. *Myerfield*, Phil. 108, and need not be repeated.

In the case before us, the defendant placed himself immediately in front of the prosecutor, assumed an attitude to strike, within striking distance, in an angry manner, and turned the latter out of his course.   This was an offer of violence, and constituted an assault, unless there was something accompanying the act, which qualified it, and indicated that there was no purpose of violence.   The only accompaniment of the act was the declaration: " I have a good mind to strike you."   If the declaration had been, I intend to strike you, that would not have qualified the act favorably for the defendant.   Nor if he had said, I have a mind to strike you.

It is suggested, however, that the expression, " I have a great mind to strike," is used to express indecision ; as if one should say, I had a great mind to do so and so, but I did not, indicating that he was only debating in his own mind as to whether he would or would not.   If that were the common

acceptation of the expression, it would not avail the defendant, because, when violence is apparently offered, the qualifying declaration must not be equivocal, but unequivocal, so as to leave the person attacked no good reason to suppose that violence will be executed.

We think that the facts found in the special verdict constitute an assault, and that his Honor was in error. Let this be certified, &c.

PER CURIAM. There is error.