THE STATE *v.* WILEY VANNOY.

If A pursues B with a stick or piece of board raised in a striking attitude, and is stopped by a third person when within two or three steps of B, this constitutes an assault, although A could not have stricken B with the stick in his hand at the place where he was stopped.

*State* v. *Davis*, 1 Ire. 125; *State* v. *Rawles*, *ante*, 334, cited and approved.

Indictment for assault, tried before *Mitchell, J.*, at Spring Term, 1871, of ALLEGHANY Superior Court.

The assault was charged to have been on one Williams, who testified that the defendant came up to where he and other persons were standing, and called witness to come to one side and talk with him. That witness refused to go, when defendant cursed him, swearing he would make him come. At this time defendant was twelve or fifteen feet from witness; defendant then picked up a stick, or a piece of board, three or four feet long, and made towards witness, with the stick or board raised.

The defendant was stopped by a bystander, two or three steps from witness, and was prevented from striking him. From the place at which defendant was stopped, he could not have struck witness with the board or stick in his hand.

His Honor instructed the jury to find whether these facts were true or not, and reserved the question of law.

The jury found the facts as above stated to be true, and say, " they are ignorant, whether in law the defendant be guilty of the assault or not guilty."

" If the Court shall be of opinion, that according to the facts as found, the defendant is guilty of an assault, then they find the defendant guilty of an assault as charged ; but if the Court shall be of opinion, that the defendant is not guilty according to the facts as stated by the jury, then they say that they find the defendant not guilty."

The Court, upon consideration, being of opinion that the facts as found by the jury, in the special verdict, did not constitute an assault, ordered a verdict of not guilty to be entered.

From which judgment the Solicitor of the State appealed.

*Attorney General* and *Batchelor*, for the State.
*Armfield*, for defendant.

RODMAN, J. This case is clearly within the law, as decided in *State* v. *Davis*, 1 Ire. 125. In that case, Gaston, J., delivering the opinion of the Court, says, " So in a late case, before a very eminent English Judge, it was held, that where the defendant was advancing in a threatening attitude, with intent to strike the plaintiff, so that his blow would, in a second or two, have reached the plaintiff, if he had not been stopped, although when stopped he was not near enough to strike, an assault was committed." *Stephenson* v. *Myers*, 4 Car. and Payne, 349, (19 E. C. L. R.) This English case is approved of, and is the exact case now before us. We think it reasonable in itself, and sustained by the recent case of *State* v. *Rawles*, *ante*, 334.

Judgment reversed, and a verdict of guilty ordered to be entered on the special verdict. Let this opinion be certified.

PER CURIAM. Judgment affirmed.