## STATE v. ED. JEFFREYS.

*Indictment for Assault with Intent to Commit Rape—Evidence, Sufficiency of.*

1. To constitute an assault there must be a hostile demonstration of violence which, if allowed its apparent course, would do hurt.

2. To convict one charged with an assault with intent to commit rape, the evidence must show not only an assault but an intent on the part of the defendant to gratify his passion on the person of the woman notwithstanding any resistance she might make.

3. Where, on a trial of a defendant charged with an intent to commit rape, the evidence was that defendant, while in a sitting posture on a path leading from the prosecutrix's house to a well, solicited her, as she passed on her way to the well, to have sexual intercourse with him; that on her replying that she was not that kind of a woman, he followed her, with his privates exposed, to a fence near the well but did not go beyond it, and that he was at no time nearer to her than 12 feet; *Held*, that the evidence of the felony was not sufficient to be submitted to the jury.

INDICTMENT for assault with intent to commit rape, tried before *Starbuck, J.*, at Spring Term, 1895, of GRANVILLE Superior Court. The defendant was convicted and appealed. The facts appear in the opinion of Associate Justice AVERY.

*The Attorney General*, for State.
*Mr. A. A. Hicks*, for defendant (appellant).

STATE *v.* JEFFREYS.

AVERY, J.: The defendant was sitting down in the path leading from the house of the prosecutrix to her well, a distance of 175 yards, when she passed in going for a bucket of water. Without, at the time, changing his sitting position, he solicited her to have sexual intercourse with him. When she replied that she was not that kind of a woman and went on towards the well, the defendant, after saying that "he was going to have it any way" and taking out his privates, followed her (as we infer from the evidence, slowly) and threw his foot upon the fence, but went no further then nor afterwards. The prosecutrix crossed the fence and stopped at the well which was 16 or 18 feet beyond the fence until she drew a bucket of water. The defendant was 15 feet from the fence when he made the proposition and was never at any time nearer to the prosecutrix than 12 to 15 feet. The prosecutrix, after drawing the bucket of water, went rapidly or ran about 100 yards on the opposite side of the well from her own dwelling, to the house of Mrs. McDaniel and in doing so spilled most of the water.

The court refused the prayer of the defendant to instruct the jury that there was no evidence of an assault with intent to commit a rape and that they "could not find him guilty of a greater offence than a simple assault."

"In order to convict a defendant on the charge of an assault with intent to commit rape," said this Court in *State* v. *Massey*, 86 N. C., 658, "the evidence must show not only an assault, but that the defendant intended to gratify his passion on the person of the woman and that he intended to do so at all events, notwithstanding any resistance on her part."

There was no battery because the defendant was never nearer to the prosecutrix than 12 to 15 feet. While a mere menace does not of itself constitute an assault it is

not essential that the assailant should be in striking distance of the person upon whom he is charged with committing the offence. The attempt or offer to strike, which constitutes an assault, is often complete when the parties are not at the time or afterwards within striking distance. An offer to strike by one at the time rushing upon another in such a manner and so near, that the latter has reasonable ground (or such as would influence a man of ordinary firmness) to believe that he will instantly receive a blow unless he strike in self defense, is an assault. *State* v. *Davis*, 1 Ired., 125. And where one places himself in front of another and by a menacing attitude and using threatening language, prevents the latter, through reasonable apprehension of violence, from going where he had a right to go and would have gone if not so threatened, the act is no longer a mere menace but a complete criminal offence. *State* v. *Hampton*, 63 N. C., 13. It is the apparently imminent danger of violence and not the present capacity of the assailant to inflict injury that distinguishes mere menace from an assault. *State* v. *Vannoy*, 65 N. C., 532.

If the defendant had touched the person of the prosecutrix against her will with the view to having sexual intercourse with her, he would have been guilty of assault and battery. If his conduct gave her reasonable ground to apprehend that he was about to take hold of her person against her will, the apparent attempt to touch her rudely was an assault. Bishop says that the lesser offence, when there is no actual battery, is "committed whenever a reasonable apprehension of immediate physical injury, from a force already partly or fully put in motion, is created." 1 Bishop Cr. Law, Sec. 548 (1); 2 Bishop C. L., Sec.71 (1). The same learned author (1 Cr. Law, Sec. 604) after laying down the familiar principle that words of themselves cannot amount to an assault, adopts the language of Judge

GASTON in *State* v. *Davis, supra,* where in drawing the line between violence threatened and violence attempted or begun, the learned Judge said, "We think, however, that where an unequivocal purpose of violence is accompanied by an act, which if not stopped or desisted from, will be followed by personal injury, the execution of the purpose is then begun, the battery is attempted." The author continues, "Thus riding after a person so as to compel him to run into a garden for shelter, to avoid being beaten, has been adjudged to be an assault. And so of threats of violence by an armed assailant apparently designing an attack. But there must be some hostile demonstration of violence, which if allowed its apparent course would do hurt."

The defendant did not by pursuit or any actual demonstration of force give the prosecutrix reasonable ground to believe that it was his purpose to overtake and use violence upon her person, and in this aspect of the evidence there is no testimony tending to show even a simple assault. But the fact that the defendant followed to the fence, after using the threatening language and assuming the posture which the prosecutrix described, and there took such a position that he could intercept her if she returned to her home with the water as she had contemplated doing and induced her through fear of his touching her to go in the opposite direction, tended to show that he was guilty of a simple assault. This evidence if believed brought the case within the principle to which we have adverted as stated in *State* v. *Hampton, supra.*

But, though the question whether he was guilty of a simple assault might have been properly left to the jury, as his counsel requested, we think the court erred in holding that in any aspect of the testimony there was sufficient evidence to prove an assault with the intent to commit rape. Mere words without acts amount to menace only

and do not constitute even a simple assault. Apart from the language used by the defendant there was no act which tended to show an unequivocal intent to gratify his passion by force in case she should resist his solicitations to the end. "Guilt," say the Court in *State* v. *Massey*, "is not to be inferred because the facts are consistent with guilt, but they must be inconsistent with innocence." It was in evidence, both in Massey's and Neeley's case, that the accused pursued, calling upon the prosecutrix to stop until she had reached a point where she would probably be heard and protected by others. In our case there was no pursuit, the defendant refraining from following even as far as the well, though the prosecutrix turned her back upon him and stopped there until she could draw water and fill her bucket. The conduct of the defendant was very indecent and, it may be, rendered him liable to punishment upon another charge as well as for a simple assault; but it is consistent with all of the testimony to suppose that he awaited the movements of the prosecutrix, upon the supposition that if she should then return towards her house at the risk of passing so indecent a spectacle as was presented, he might well accept her conduct as inviting further solicitations and approaches. When the evidence presents this and other aspects, consistent with a purpose to urge and perhaps to take hold of the prosecutrix on her return, but to stop short of an attempt to force her to sexual intercourse against her will, we do not think that the question of the defendant's guilt of the felony should have been left to the jury. There is less evidence of the intent to commit rape in this case than in either *State* v. *Massey* or *State* v. *Neeley*, and if so, the court erred in refusing the instruction asked. This error entitles the defendant to a new trial.

New Trial.