STATE v. MOSES DEBERRY.

(Decided October 10, 1898.)

*Criminal Intent.*

On the trial of an indictment charging an assault, with intent to commit rape—the intent is a question of fact for the jury and not for the court. Intent, in such cases, is a material and essential ingredient, and must be established beyond a reasonable doubt in the mind of the jury.

INDICTMENT, charging an assault with intent to commit rape, tried before *Norwood, J.*, at April Term, 1898, of HERTFORD Superior Court.

Maggie Vann, prosecutrix, testified that the defendant, at her house, caught hold of her and tried to throw her on the bed; that she told him to let her go, he threw her on the bed and pulled up her clothes a little way; she got away from him and ran off; that the defendant threated to kill her if she told it.

The defendant examined in his own behalf denied the assault and the threat to kill.

The court, among other things, charged the jury: That if they were fully satisfied from the testimony, that defendant caught hold of Maggie and threw her violently on the bed and pulled up her clothes, as stated by her, then he would be guilty of the crime charged in the indictment, and the jury should so find.

To this part of the charge, the defendant in apt time excepted.

Verdict of guilty.

Defendant moved for a new trial, assigning as one ground: That the court erred in giving the jury the instruction above set out, whereas the jury ought to have

been instructed, that if they were fully satisfied, that defendant caught hold of prosecutrix and threw her violently on the bed and lifted up her clothes, as testified to by her, then these would be facts, from which the jury might infer, that the assault was made with the intention of committing the rape.

Motion for new trial overruled, and the defendant appealed from the judgment pronounced by the court.

*Mr. Zeb. V. Walser, Attorney General*, for State.
*Mr. George Cowper*, for defendant (appellant.)

FAIRCLOTH, C. J.: The defendant is indicted for an assault with intent to commit rape. Several witnesses were examined. The prosecutrix testified that he, the defendant, "threw me on the bed and pulled up my clothes a little way. I got away from him."

His Honor charged the jury "that if they were fully satisfied from the testimony that the defendant caught hold of Maggie Vann and threw her violently on the bed and pulled up her clothes, as stated by her, then he would be guilty of the crime charged in the bill of indictment and the jury should so find."

There is error. The charge assumes as a fact that the defendant intended to accomplish his purpose at all hazards, even by force. Intent, in the crime charged, is a question of fact for the jury and not for the court. Intent, in such cases, is a material and essential ingredient, and must be established beyond a reasonable doubt in the mind of the jury.

This rule has been so often iterated and re iterated by this Court that it seems sufficient to refer to the following decisions, which with the authorities cited, cover the whole ground. *State* v. *Brooks*, 76 N. C , 1 ; *State*

v. *Massey,* 86 N. C., 658 ; *State* v. *Mitchell,* 89 N. C., 521; *State* v. *Williams,* 121 N. C., 628.

New trial.