## STATE v. JOHN HILL.

(Filed 4 May, 1921.)

**1. Criminal Law— Rape— Assault With Intent— Evidence— Nonsuit— Trials.**

Upon the trial for an assault upon a female with intent to ravish, evidence that the defendant, living in the same house, entered the room of the prosecutrix at night through the partly open door to her room, and while she was asleep, placed his hand upon her hand and upon her forehead, and immediately left upon her waking and ordering him to do so, is insufficient to convict under the charge of an intent to ravish her or to effect his unlawful purpose without her consent, and on this count a judgment as of nonsuit should be granted under the statute.

**2. Same—Indictment—Court—Assault Upon a Female—Evidence—Nonsuit—Trials.**

Where the charge in the bill of indictment is an assault with the intent to ravish, the defendant, upon sufficient evidence, and if he is over the age of eighteen years, may be convicted of an assault upon a female, under the terms of our statute, as if this charge had been stated as a separate count; and evidence that the prisoner wakened the prosecutrix while she was asleep in her own room at night by placing his hand upon her hand and upon her forehead, is sufficient to convict of an assault upon a female, etc., and a motion as of nonsuit thereon may not be granted, though insufficient for a conviction of the intent to ravish her.

APPEAL by the defendant from *Lane, J.,* at May Term, 1920, of MECKLENBURG.

The defendant was indicted for an assault upon Ruth Martin with intent to ravish her.

The evidence against the defendant will sufficiently appear from that given by the prosecutrix herself, which is as follows:

"On 12 April, 1920, I was living with my father, R. T. Martin, on North Caldwell Street. I am past eighteen years of age. I sleep on the second floor of my father's residence. The defendant, John Hill, was boarding and lodging at my father's house. Had been with us about a week before the alleged assault. Hill roomed on the second floor with a man by the name of Smith. Their room was diagonally across from where I sleep with my little brother, about ten years of age. Smith had been at my father's house about a week. Mr. Hill ate at our table. I had talked with him several times and knew him when I saw him and knew his voice. Up to the time of the alleged assault Hill had conducted himself in word, manner, and deed as a gentleman. On the night of 12 April, 1920, I retired with my little brother about 8:30 o'clock. I left my door partly ajar, as I usually did, to call my father in case of sickness of my brother. About 11 o'clock I was aroused by some one placing his hands on my forehead; also on my hand. I first thought it was my father. I said, 'Papa.' I then realized that it was not my father. The room was dark; I was frightened by the man putting his hand on my forehead and on my hand. I screamed out, 'Who is that?' He said, 'It's John, John Hill.' I said, 'John Hill, what are you doing in here? Get out of here.' I recognized him by his voice. (That was the only way I could recognize him.) There was no light in the room. I said, 'Get out of here.' John went out like a 'jiffy.' He immediately left the room. From the time I said, 'What are you doing here?' until he left the room didn't take two minutes. All he did to me was simply to put his hand on my hand and on my forehead. When I said 'Get out,' he immediately got out. I was greatly excited. I told my father what had happened. That was all that occurred. John Hill had a peculiar voice and accent that was easily distinguished. I know John Hill was the man who was in my room."

By prayers for instructions the defendant requested the court to charge the jury, in substance, that there was no evidence of the charge for them to consider and they should acquit the defendant. The court refused to do so, and the defendant excepted. He was convicted, and appealed from the judgment.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*T. L. Kirkpatrick and Clarkson, Taliaferro & Clarkson for defendant.*

STATE v. HILL.

WALKER, J., after stating the case: It has been the settled rule of this State, ever since the case of S. v. Massey, 86 N. C., 658, was decided, that in order to convict a defendant on the charge of an assault with intent to commit rape the evidence should show not only an assault, but that the defendant intended to gratify his passion on the person of the woman, and that he intended to do so, at all events, notwithstanding any resistance on her part. It was held in the Massey case that the evidence there offered by the State was wholly insufficient for a conviction, and the facts were very much stronger than those we find in this record, giving the State the benefit of considering them in the most favorable light for it. The Massey case has been approved several times. S. v. Smith, 136 N. C., 684; S. v. Jeffreys, 117 N. C., 743. It has been said that it is neither charity nor common sense nor law to infer the worst intent which the facts will admit of, the reverse being the true rule both of justice and of law. The guilt of a person is not to be inferred because the facts are consistent therewith, as they must be inconsistent with his innocence. S. v. Massey, 86 N. C., 658; S. v. Adams, 133 N. C., 671; S. v. Jeffreys, supra; S. v. DeBerry, 123 N. C., 703. The defendant entered the room where the prosecutrix and her little brother were sleeping, and did nothing more than place his hands on her forehead and hand. She was awakened and screamed, inquired as to who it was, and was told that it was John Hill, the defendant, whom she had known very well. When she asked him what he was doing in the room and told him to get out, she testified that he left immediately, or, in her own words, "in a jiffy." He made no demonstration of force or violence against her, and there was nothing said or done by him indicating any intent on his part to do her harm by the use of force, and certainly nothing to show that he came into the room with the intent to ravish her. His sole purpose was to solicit the gratification of his sexual desires, if he had any evil intent at all. This, of course, was unlawful, and he committed an assault upon her by placing his hands on her forehead and hand, against her will, but this was not the crime charged in the bill of indictment. The specific intent was lacking.

The evidence in Comm v. Merritt, 14 Gray (Mass.), 415; S. c., 77 Am. Dec., 336), was much stronger than is the evidence in this case to show "the intent to ravish," and yet that Court held that the alleged intent was not shown, but a very different one, and that is the case here.

We cannot grant the nonsuit, as the defendant could have been convicted of an assault the same as if it had been separately charged in an indictment. C. S., 4639. Where the assault is upon a woman and the assailant is over eighteen years old, he may be punished as provided by the statute. C. S., 4215.

The Attorney-General states, in his brief, that "he had been unable to find a case in which this Court has sustained a conviction on evidence altogether as inconclusive as the above," meaning the testimony in this case. He cites several cases to sustain the judgment, but it appears on examining them that they are clearly distinguishable, and one of them (*S. v. Page,* 127 N. C., 512) is expressly so held to be in *S. v. Smith, supra.*

The court erred in refusing the fourth prayer for instructions and in charging that there was evidence of the criminal intent, though the judge was correct in denying the motion for nonsuit, as defendant could have been convicted of an assault upon the evidence and under proper instructions to the jury.

New trial.