The bill of indictment contains two counts: (1) "Did unlawfully, wilfully, feloniously and maliciously assault, beat and wound one H. M. Rowland with a deadly weapon, to wit, metallic knucks, by waylaying, and otherwise in a secret manner with intent, him the said H. M. Rowland, then and there feloniously, wilfully and of his malice aforethought to kill and murder to the great damage of the said H. M. Rowland." C. S., 4213.
(2) "Unlawfully, wilfully and feloniously with a certain deadly weapon, to wit, metallic knucks, in and upon one H. M. Rowland did make an assault, with an intent him, the said H. M. Rowland, then and there feloniously, wilfully and of his malice aforethought to kill and murder and upon him the said H. M. Rowland, did inflict serious injury not resulting in death, to wit, breaking his nose, wounding his temple," etc. C. S., 4214.
C. S., 4215, is as follows: "In all cases of an assault, with or without intent to kill or injure, the person convicted shall be punished by fine or imprisonment, or both, at the discretion of the court: Provided, that where no deadly weapon has been used and no serious damage done, the punishment in assaults, assaults and batteries, and affrays shall not exceed a fine of fifty dollars or imprisonment for thirty days; but this proviso shall not apply to cases of assault with intent to kill or with intent to commit rape, or to cases of assault or assault and battery by any man or boy over eighteen years old on any female person."
The verdict of the jury "who say for their verdict, that the defendant is guilty of an assault without a deadly weapon, inflicting serious injury."
The court below charged the jury as follows: "Now, under the bill as drawn, gentlemen of the jury, I instruct you that you may render one of five verdicts. You may convict him on the first count which I have read to you, or you may convict him on the second count, which I have read to you. You may convict him of assault with a deadly weapon, or you may convict him of assault with serious damage, or you may convict him of simple assault.And I instruct you that, in no event, can you acquit the defendant for thereason that, if you believe the testimony heard by you in the case,including the testimony of the defendant himself, it is your duty toconvict him at least of simple assault."
To the latter part of the charge the defendant excepted and assigned error.
In that immediate connection, the court below instructed the jury that the burden was upon the State to satisfy them beyond a reasonable doubt as to the four charges in the bill. As to the fifth the instruction *Page 255 
amounts in practical effect to telling the jury that if they believed the testimony of the defendant himself he was at least guilty of simple assault.
C. S., 4640, is as follows: "Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime."
In S. v. Murphrey, 186 N.C. at p. 115, it is said: "In S. v. Riley,113 N.C. 648, Clark, J., observed: `The evidence for the State being uncontradicted, the court told the jury, if they believed the evidence, to return a verdict of guilty. This was correct, upon the evidence set out, and if the jury had returned a verdict, there would be no ground for exception'; and in S. v. Hill, 141 N.C. 769, Hoke, J., concluded that where, in any aspect of the testimony, the defendant's guilt is manifest, the judge may tell the jury,' if they believe the evidence,' or `if they find the facts to be as testified,' `they will return a verdict,' etc. S.v. Woolard, 119 N.C. 779; S. v. Winchester, 113 N.C. 641. Our conclusion is not at variance with the decision in S. v. Singleton,183 N.C. 738, or S. v. Estes, 185 N.C. 752, for in each of these cases it was held that the evidence, if true, did not necessarily establish the guilt of the defendant, and that under a proper charge the matters in controversy should have been submitted to the jury. We have directed attention to the fact that the testimony in the case at bar is uncontradicted; but even in instances of this character it would be more satisfactory if the court's instruction to the jury followed the usual formula on the question of `reasonable doubt.'" S. v. Moore, ante, 209.
"The principle does not apply where the evidence, if true, is susceptible of more than one deduction." S. v. Moore, supra; S. v. Horner, 188 N.C. 472;S. v. Hardy, 189 N.C. 799.
Is the evidence, if true, susceptible of more than one deduction? We think not. The testimony of the defendant on this aspect, is as follows: "I told Rowland this and he said, `That's a damn lie.' And I said, `Mr. Rowland, if that's the way you feel about it I think you ought to be whipped.' And he said he was a professional boxer, and if I wanted to fight, `Here's at it.' And he put himself in a boxing attitude, and the fight began. He struck at me first, and I warded the blow off. I can't say who stopped fighting first. We both stopped, and I walked back and got in the car and Mr. Rowland walked behind me up to the car, and I drove off and left him standing there. . . . I told him if he felt that way about it he ought to be whipped, and he said, `If you want to fight, here's at you.' I hit Mr. Rowland because he called me a damn lie; he hit me first, or struck at me first, and I knocked his lick off. . . . *Page 256 
No, my wife did not call to me and say, `Come on back to this car and stop beating up this man,' when Rowland and myself were fighting."
In S. v. Williams, 186 N.C. 631, it is said: "In Humphries v. Edwards,164 N.C. 158, Walker, J., says: We extract the following principle fromS. v. Daniel, 136 N.C. 571: "The principle is well established that not only is a person who offers or attempts by violence to injure the person of another guilty of an assault, but no one, by the show of violence, has the right to put another in fear and thereby force him to leave a place where he has the right to be. S. v. Hampton, 63 N.C. 13; S. v. Church, 63 N.C. 15;S. v. Rawles, 65 N.C. 334; S. v. Shipman, 81 N.C. 513; S. v.Martin, 85 N.C. 508; 39 Am. Rep., 711; S. v. Jeffreys, 117 N.C. 743."'"
The defendant hunted Rowland and when he found him approached him in a threatening way — when what is quoted above occurred. Certainly this was an entire willingness to fight on the part of the defendant and the fight ensued, there being no element of self-defense in this testimony. Under the evidence here, the right of self-defense did not exist, if the defendant did not start the fight, he willingly and wrongfully entered into it and so testified. S. v. Perry, 50 N.C. 9; S. v. Lancaster, 169 N.C. 284;S. v. Crisp, 170 N.C. 785; S. v. Baldwin, 184 N.C. 789. This assignment of error cannot be sustained.
The next assignment of error is to the following part of the charge of the court below: "Now, as to the question of serious damage, gentlemen of the jury, must be such physical injury as gives rise to great bodily pain, and also damage to the peace, good order, decency and propriety of society. I further instruct you, gentlemen, that if an assault is of such nature as to damage greatly the person of the party assaulted, or if it is calculated to outrage, stir up and disturb the quiet and good order of a community, or shock the moral sense of good citizens, it is serious damage." To sustain the latter part of the charge, Mr. Nash refers to S. v. Huntley, 91 N.C. at p. 621; S. v. Shelly, 98 N.C. 673, which seem to bear out the State's contention.
The prosecuting witness, H. M. Rowland, testified in part, in substance: That he had been for two years superintendent of the Scotland Neck Graded Schools; that about a quarter to nine, on the night of 30 April, he was about the middle of the block on the north side of the street in the business section of Scotland Neck. The defendant came up in his car and stopped and asked if he could speak to him, and he answered that he certainly could. Defendant got out of his car and came to him on the sidewalk and started talking about an incident that happened in the school in regard to his child having been whipped. The witness told defendant that he had not whipped his child; that while he was talking about the whipping of the child, totally off his guard, a *Page 257 
heavy, solid object struck him across the temple; that he was hit four or five licks in several places about the head; that it broke his nose and injured his eye, so he was unable to do any reading since, and the place on his head had been painful from that day until this. The object defendant had on his hand struck through three thicknesses of clothing — heavy winter underwear, shirt and coat, and cut and left his arm bruised, a mass of welts and in several places the blood had been cut out. Defendant continued until he winded himself. Witness had blood in his eyes until he could not see. Blood from his head and face had gotten into his eyes and blinded him. He could hear defendant breathing heavily as he got into his car. His physical condition has been highly nervous, extremely weak and pains in his head ever since. There is a stoppage in the nose which interferes with respiration and his sleep is irregular — unable to sleep and has headaches, nervous and eyes give trouble. The wound on his head bled very freely. He was hit with something heavy and metallic which defendant had on his hand. The witness did not see the child whipped, but understood that he was the one that was whipped. "Defendant told me that he understood that I had treated the child very unkindly and had handled him roughly, and I said, `Some one has been lying to you.' I did not see the deadly weapon, but felt it very deadly."
Dr. Smith testified: "I made an examination of the injuries of Mr. Rowland on 30 April, around 9:00 or 9:30 o'clock p.m., at his home. He had a number of bruises and cut places on his head and face. He had cut place on top of his head, also on his forehead and his left cheek, and a gash on his temple. His arm was bruised in several places. His eye was swollen and bloodshot, his nose was broken. In my opinion the injuries upon the face and head and arm of Mr. Rowland could not have been inflicted by fist alone, nor with a ring with setting like that, but were made with some hard metal object."
There is no dispute on the record that the prosecuting witness' nose was broken — this was serious damage or injury.
The fight was admittedly willing by defendant on his part — the prosecutor's nose was broken by him. On the entire undisputed evidence, if believed by the jury, they were clearly correct in the verdict rendered: "Defendant is guilty of an assault without a deadly weapon inflicting serious injury." The jury, from the evidence, could have found defendant guilty of a higher crime, but on the undisputed evidence, surely not of a less crime. The charge of the court, if error, cannot, on the record, be held harmful or prejudicial.
For the reasons given, there is
No error. *Page 258