STATE v. HOLT ET AL.

(Filed 10 November, 1926.)

**1. Robbery—Indictment — Highways — Forcible Taking of a Thing of Value—Criminal Law.**

As to the place charged in the offense of highway robbery, it is only necessary for the indictment to charge that it was committed in or near a highway, and that the defendant charged therewith feloniously and forcibly took from the State's prosecuting witness goods or money of any value by violence or putting him in fear, etc.

**2. Same—Statutes—Less Degree of Same Crime—Assault—Evidence—Verdict.**

An assault upon the person is a necessary ingredient to be charged in an indictment for highway robbery, and under an indictment for this offense the lesser degree of crime of an assault with a deadly weapon where a pistol is used, is included in the greater offense charged, and under conflicting evidence as to whether highway robbery or an assault only with a deadly weapon has been committed, the jury may find verdict for the lesser offense. C. S., 4639.

**3. Same—Instructions.**

Where the indictment is sufficient and the evidence is conflicting as to whether the defendant committed highway robbery or an assault with a deadly weapon, the jury may find for the lesser offense, and it is the duty of the trial judge to so instruct the jury, though a special request therefor had not been aptly tendered in writing. C. S., 565, 4639, 4640.

CRIMINAL ACTION before *Redwine, Emergency Judge,* at June Special Term, 1926, of FORSYTH.

The defendants, Bob Holt, Hassell Holt, Byron Gibson and Charles Holt, were tried upon a bill of indictment, charging said defendants with highway robbery in taking from the person of Grady Raines the sum of thirty dollars and assaulting him with a pistol.

There was testimony on behalf of the State tending to show that on or about 26 February, 1926, Grady Raines was traveling from High Point to Winston-Salem. In the car with him were two women, Cora Bacon and Sallie Crump; that as the State's witness, Raines, approached a little filling station about five miles from High Point, opposite the residence of defendant, Byron Gibson, there was an automobile backing out from Gibson's house into the road; that when the car backed out into the road, the defendants got out of the car and one of them called to Raines to come back. Raines went back to where the defendants were standing in the road and testified that defendant, Bob Holt, stated that he was on a scout and did not have any money; that thereupon the defendant, Hassell Holt, struck him with something like a baseball bat, and Bob Holt said, "Give me your money." At that time

Bob Holt had a pistol, and the other defendants, Byron Gibson and Charlie Holt, were standing there in his presence. That thereupon Bob Holt struck him on the head with the pistol and ordered him to hold up his hands, and Hassell Holt struck at him with a stick. Witness further testified that Bob Holt then took a twenty-dollar bill and a ten-dollar bill and some change out of his pocket. At this time the State's witness spoke to the defendant, Gibson, whom he knew, and said, "Are you going to let these boys kill me here?" Thereupon, Gibson put his hands on Raines' shoulders and pushed him through the crowd and told them not to hit this man any more.

The State's witness, Raines, reported the matter to the police officers immediately, and soon thereafter Bob Holt was arrested. At the time of his arrest the defendant, Bob Holt, was asleep in a barn about one hundred yards from the house of the defendant, Gibson. He had a pistol, and upon being searched, the officers found a twenty-dollar bill upon his person.

The defendant, Hassell Holt, was also arrested and a ten-dollar bill was found under his pillow and three one-dollar bills and some change in the pockets of his overalls.

The defendants, Charles Holt and Hassell Holt, testified at the trial. The defendants, Bob Holt and Byron Gibson, did not testify.

The testimony of the defendant was to the effect that the State's witness, Raines, owed Bob Holt some money and that Bob Holt made demand upon him for the money, and that thereupon he paid Bob Holt $30.00, said sum being in the form of a $20.00 bill and a $10.00 bill; that after Raines had paid the defendant, Holt, he started back toward his car at the filling station and cursed Bob Holt, and that thereupon Bob Holt hit Raines with his pistol.

Upon the evidence the defendant contended that there was no robbery at all, but that Raines had paid the money voluntarily to Bob Holt, and that after the money had been paid and Raines was leaving the scene, that he cursed Bob Holt, and that Bob Holt pursued him and hit him over the head with a pistol, and that, under this evidence, the only crime that was committed was assault with a deadly weapon. The defendants, Bob Holt and Hassell Holt and Byron Gibson, were convicted. Bob Holt was sentenced to five years in the State's prison; Hassell Holt to three years, and Byron Gibson to two years.

From the judgment pronounced the defendants appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*M. L. Mott, Jr., for defendants.*

BROGDEN, J. At the conclusion of his Honor's charge, counsel for defendants requested the court to charge the jury that if it should be found that the money was paid voluntarily by the State's witness to the defendant, Bob Holt, and that after the payment there was an altercation, and the defendant, Bob Holt, struck the witness with a pistol, that this would constitute only an assault with a deadly weapon. The trial judge stated: "I think my charge fully covers that. I have instructed them that highway robbery constitutes the taking by violence and force, and before you can convict these defendants you must find it was taken by violence and force." Counsel for defendants thereupon addressed this question to the judge: "Did your Honor charge relative to the fact that they could be convicted of assault with a deadly weapon in this matter?" The judge replied, "No, sir."

The only question submitted to the jury by the trial judge in his charge was, whether or not the defendants, Bob Holt and Hassell Holt, or either of them was guilty of robbery, and whether or not Byron Gibson and Charles Holt were present, aiding and abetting in the perpetration of the crime. The charge of the court concluded with these words: "Now, as I stated, gentlemen, you may convict one or all of these defendants as you may find the facts to be, under the charge of the court, or you may acquit the one or all of them, as you may find the facts to be under the charge of the court."

The request of defendants' counsel that the court charge the jury that they could find the defendants guilty of an assault with a deadly weapon was not in writing, and hence did not comply with C. S., 565, and the trial judge was at liberty to disregard it. But, was it the duty of the trial judge, under the evidence, to present that phase of the case, irrespective of a proper request from counsel for defendants?"

C. S., 4639, provides as follows: "On the trial of any person for rape, or any felony whatsoever, when the crime charged includes an assault against the person, it is lawful for the jury to acquit of the felony and to find a verdict of guilty of assault against the person indicted, if the evidence warrants such finding, etc."

Lord Mansfield defines robbery thus: "A felonious taking of property from the person of another by force." Blackstone defines it as "the felonious and forcible taking from the person of another of goods or money of any value by violence or putting him in fear."

To constitute highway robbery, it is only necessary to further charge and prove that the crime was committed in or near a highway. *S. v. Burke,* 73 N. C., 83; *S. v. Brown,* 113 N. C., 645. It is obvious, therefore, that the crime charged in the bill of indictment includes an assault against the person, and, this being true, the statute, C. S., 4639, makes it lawful "for the jury to acquit of the felony and to find

a verdict of guilty of assault against the person indicted, if the evidence warrants such finding."

Does the evidence in this case warrant such finding? The evidence for the State makes out a crime for highway robbery only; but the evidence of defendants, if believed, tends to show that there was no robbery at all, for that the State's witness voluntarily paid the money to the defendant, Holt, and, after such voluntary payment, was thereafter assaulted with a deadly weapon. This evidence warranted the submission to the jury, of the question of assault with deadly weapon; and if the evidence, in such cases, warrants it, the trial judge must submit that phase of the case to the jury whether properly requested or not.

In *S. v. Hill,* 181 N. C., 558, the defendant was indicted for assault with intent to commit rape. The evidence was inconclusive as to the intent to commit rape, and, upon the conclusion, counsel for the defendant requested the court to acquit the defendant. In discussing this phase of the case, *Justice Walker* says: "We cannot grant the nonsuit, as the defendant could have been convicted of an assault the same as if it had been separately charged in an indictment. C. S., 4639."

In *S. v. Williams,* 185, N. C., 685, the defendant was charged with rape, and his counsel requested the court to charge the jury that there were five verdicts that might be returned under the indictment, to wit: (1) Rape; (2), assault with intent to commit rape; (3), assault with deadly weapon; (4), assault upon a female; (5), not guilty. The trial judge refused to give this instruction, and the defendant excepted. In discussing this exception, *Justice Walker* says: "The instruction requested by the prisoner should have been given, at least substantially, and if not given, or if it had not been asked for, the judge, of his own motion, should have submitted to the jury proper instructions as to the commission of a lesser offense than that charged in the bill of indictment, and his failure to do so even without an appropriate prayer by the prisoner was error." (Citing C. S., 4639-4640.)

In *S. v. Nash,* 109 N. C., 824, it is held that "where there was a serious conflict between the testimony of prosecutrix and that of defendant, it was erroneous to restrict the jury to either the theory of the State or to that of the defendant, as they may predicate their findings upon a hypothesis not consistent with either theory." *S. v. Merrick,* 171 N. C., 788; *S. v. Allen,* 186 N. C., 302; *S. v. Efird,* 186 N. C., 482.

The attorney-general, with his usual candor and frankness, in discussing the failure of the court to charge the jury as to whether or not the defendants could be convicted of an assault with a deadly weapon, says: "This, in reality, presents a serious question, but we submit that

while the evidence of the prosecuting witness showed an assault with the deadly weapon upon him, that this very assault was part of the means used by the defendant, Bob Holt, to consummate the highway robbery." This identical contention appears in *S. v. Williams,* 185 N. C., 685. The contention was as follows: "The State contends that, while the evidence of the prosecuting witness showed an assault with a deadly weapon upon the prosecutrix, yet this very assault was part of the means used by the defendant to force her." *Justice Walker,* referring to this contention, says: "But we are unable to agree with this contention of the State, or to decide according to it; but our opinion is, and we so hold that the substance, at least, of the prayer should have been given to the jury, and in failing to do so, the court committed an error."

For the error specified, in failing to submit to the jury the phase of the case, involving assault with a deadly weapon, there must be a

New trial.