## STATE v. JOHN PAUL JONES.

(Filed 23 September, 1942.)

**1. Rape § 5—**

Upon an indictment charging an assault with intent to commit rape, C. S., 4204, and C. S., 4205, defendant may be convicted of an assault upon a female as though separately charged, C. S., 4639, and motion to dismiss under C. S., 4643, is properly refused where there is sufficient evidence to convict of an assault.

**2. Same—**

Where, in an indictment charging an assault with intent to commit rape, the evidence shows an assault but fails to show an intent to commit rape, at all events and notwithstanding any resistance on the part of the intended victim, the court would err in refusing to give an instruction to limit the verdict to a less degree of the same crime. C. S., 4640.

APPEAL by defendant from *Williams, J.,* at June Term, 1942, of BEAUFORT.

Criminal prosecution upon indictment charging defendant with feloniously assaulting a female "with intent to rape, ravish and carnally know" her "forcibly and against her will." C. S., 4204, and C. S., 4205.

Verdict: Guilty of assault with intent to commit rape.

Judgment: Imprisonment in State Prison at Raleigh, assigned to work under the supervision of the State Highway and Public Works Commission at hard labor and to wear felon stripes for a term of not less than ten nor more than twelve years.

Defendant appeals to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Carter & Carter for defendant, appellant.*

WINBORNE, J. The only exception appearing in the record on this appeal is to the refusal of the court to allow defendant's motion to dismiss the action as in case of nonsuit—made in accordance with the provisions of C. S., 4643.

Upon the evidence appearing in the record, this exception cannot be sustained, for as stated in *S. v. Hill,* 181 N. C., 558, 107 S. E., 140, "We cannot grant the nonsuit, as the defendant could have been convicted of an assault the same as if it had been separately charged in an indictment." C. S., 4639. See also *S. v. Holt,* 192 N. C., 490, 135 S. E., 324.

However, if there had been a request for instruction to limit the verdict to a less degree of the same crime, C. S., 4640, we are of opinion that upon the evidence appearing in the record, the court would have erred in refusing to give the instruction in the light of the principles enunciated in *S. v. Massey,* 86 N. C., 658, and approved and followed in *S. v. Jeffreys,* 117 N. C., 743, 23 S. E., 175; *S. v. Smith,* 136 N. C., 684, 49 S. E., 334; and *S. v. Hill, supra.* See also *S. v. Allen,* 186 N. C., 302, 119 S. E., 504.

In *S. v. Massey, supra, Ashe, J.,* adopting the view expressed in the dissenting opinion of *Rodman, J.,* in *S. v. Neely,* 74 N. C., 425, and speaking for the Court, said: "In order to convict a defendant on the charge of assault with intent to commit rape, the evidence should show not only an assault, but that the defendant intended to gratify his passion on the person of the woman, and that he intended to do so, at all events, notwithstanding any resistance on her part."

In *S. v. Hill, supra, Walker, J.,* stated that the above principle has been settled law in North Carolina ever since the case of *S. v. Massey, supra,* was decided.

The judgment below is
Affirmed.