## STATE v. DAVID T. GAY.

(Filed 22 March, 1944.)

**1. Rape §§ 2, 5—**

Where a female was approached at night on a city street by defendant, who made improper proposals and indecently exposed his person, without touching the said female, who thereupon ran a short distance to her home, the evidence is insufficient to support a conviction of assault with intent to commit rape, although it would warrant a conviction of an assault upon a female. G. S., 15-169; G. S., 14-33.

**2. Rape § 2—**

In order to convict of an assault with intent to commit rape, the evidence should show, not only an assault, but that defendant intended to gratify his passion on the person of the woman, and that he intended to do so, at all events, notwithstanding any resistance on her part.

**3. Rape §§ 1d, 5: Criminal Law § 52b—**

Upon an indictment for an assault with intent to commit rape, even though the evidence is insufficient to support a verdict, motion for judgment of dismissal or nonsuit cannot be granted, as defendant may be convicted of an assault. G. S., 15-169.

**4. Rape § 2: Criminal Law § 53f—**

Where, on trial of an indictment for an assault with intent to commit rape, the evidence is not sufficient to convict as charged but is sufficient to support a verdict for an assault, and defendant moves, not only for dismissal and nonsuit, but also for directed verdict, such motions are tantamount to a request for an instruction that there is no evidence to support a conviction as charged, and upon conviction and judgment of an assault with intent to commit rape, a new trial will be granted.

APPEAL by defendant from *Williams, J.,* at November-December Term, 1943, of WAYNE.

Criminal prosecution upon indictment charging defendant with feloniously assaulting a female person "with the intent, forcibly and against her will . . . to rape and carnally know" her. G. S., 14-22, formerly C. S., 4205.

In the trial court the named female person, testifying as a witness for the State, narrated these facts: On 17 November, 1943, she, a married woman, was residing in the city of Goldsboro, North Carolina. About ten minutes before eleven o'clock on the night of that date while en route from a near-by military camp where her husband was stationed, she alighted from a bus about four city blocks from, and started walking to her place of abode. As she was walking alone along a public street about one hundred and fifty feet from her destination, a man, whom she identified as the defendant, came from the middle of the street, where she first saw him, alongside of her, and, exposing his person by the light of a flashlight, accosted her with an indecent question, prefaced with the words, "Pardon me, Miss, may I . . ." She testified further: "If he had started towards me he would have had to take three or four steps to get to me. I screamed and ran. He chased me. He must have run about 10 or 11 steps . . . I ran home . . . The man never put his hands on me, never touched me . . . He never attempted to put his hands on me, because I turned and ran . . ." The State offered evidence in corroboration of her testimony, and as to her identification of defendant.

On the other hand, defendant, as witness for himself, denied that he was the man to whom the State's witness referred, and testified, and offered testimony of others that he was elsewhere at the time of the alleged offense as described in the State's evidence.

Verdict: Guilty as charged in the bill of indictment.

Judgment: That the defendant be confined in the State's Prison for a term of not less than three nor more than five years.

Defendant appeals therefrom to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Langston, Allen & Taylor and N. W. Outlaw for defendant, appellant.*

WINBORNE, J. At the close of the State's evidence and again at the close of all the evidence defendant demurred thereto and moved for judgment of dismissal or nonsuit, G. S., 15-173, and for a directed verdict. Defendant, having reserved exceptions to the rulings of the court in denying these motions, stresses for error the refusal of the court to direct the jury that there is not sufficient evidence to convict defendant of the offense laid in the bill of indictment, and to limit the verdict to an assault. G. S., 15-169, formerly C. S., 4639.

The statute, G. S., 15-169, provides that on the trial of any person for rape, or any felony whatsoever, when the crime charged includes an assault against the person, it is lawful for the jury to acquit of the felony and to find a verdict of guilty of assault if the evidence warrants such

finding. See *S. v. Smith,* 157 N. C., 578, 72 S. E., 853. An assault with intent to commit rape is a felony. G. S., 14-1, and -22. And "in order to convict a defendant on the charge of assault with intent to commit rape, the evidence should show not only an assault, but that the defendant intended to gratify his passion on the person of the woman, and that he intended to do so, at all events, notwithstanding any resistance on her part." *S. v. Massey,* 86 N. C., 658; *S. v. Jeffreys,* 117 N. C., 743, 23 S. E., 175; *S. v. Hill,* 181 N. C., 558, 107 S. E., 140. See, also, *S. v. Jones,* 222 N. C., 37, 21 S. E. (2d), 812, and cases cited.

Applying these principles, the evidence presented in the record on this appeal, taken in the light most favorable to the State, is insufficient to support a verdict of guilty of an assault with intent to commit rape. While the evidence shows defendant solicitous to gratify his passion on the person of the woman, it is wholly lacking in the intention "to do so, at all events, notwithstanding any resistance on her part." Yet the evidence in the record would warrant the finding of a verdict of guilty of an assault upon a female person, G. S., 15-169; G. S., 14-33; *S. v. Smith, supra; S. v. Williams,* 186 N. C., 627, 120 S. E., 224, and cases cited, or of a simple assault. *S. v. Hampton,* 63 N. C., 13; *S. v. Rawles,* 65 N. C., 334; *S. v. Jeffreys, supra; S. v. Williams, supra.*

Therefore, concededly, even though the evidence is insufficient to support a verdict of guilty of an assault with intent to commit a rape, the motions for judgment of dismissal or nonsuit could not be granted as the defendant could have been convicted of an assault. G. S., 15-169; *S. v. Hill, supra; S. v. Holt,* 192 N. C., 490, 135 S. E., 324; *S. v. Jones, supra.*

However, in the *Jones case, supra,* while holding that upon the evidence appearing in the record nonsuit, for which alone motions were made, could not be granted, it is stated: "If there had been a request for instruction to limit the verdict to a less degree of the same crime, C. S., 4640, we are of opinion that upon the evidence appearing in the record, the court would have erred in refusing to give the instruction in the light of the principles enunciated in *S. v. Massey,* 86 N. C., 658, and approved and followed in *S. v. Jeffreys,* 117 N. C., 743, 23 S. E., 175; *S. v. Smith,* 136 N. C., 684, 49 S. E., 334; and *S. v. Hill, supra.*"

In the light of this intimation it is contended for defendant in the present appeal that he having moved in trial court not only for a judgment of dismissal or nonsuit, but for a directed verdict, the motion for directed verdict when so coupled with the motion for dismissal or nonsuit, is tantamount to a request for instruction that there is no evidence to support a verdict of guilty of an assault with intent to commit a rape —the offense charged. In support of this contention it is pointed out that after verdict defendant moved (1) in arrest of judgment "for the reason that the evidence does not justify the verdict of the jury and does not

show that the crime for which defendant was convicted has been committed," and (2) for a new trial "for the reason that the evidence did not justify a conviction for assault with intent to commit rape." From this it is argued with force and conviction that it is apparent that the purpose of the motion for directed verdict was to request an instruction which would limit at most the verdict to an assault upon a female person. This argument carries conviction.

However, it is contended for the State that the motion for a directed verdict is general, and has no more force and effect than a general motion for dismissal or nonsuit—that the effect is the same and the terms are used interchangeably. This contention might hold good if the motion had been only for a directed verdict. The State relies upon the decision in *S. v. Hill, supra.* That decision is not in conflict with, but rather supports decision here reached. There motion for nonsuit was not allowed, but a new trial was granted for error in the trial court refusing to give an instruction, requested by defendant, that there was no evidence that would justify the jury, beyond a reasonable doubt, to convict of the offense charged, the same as in the present case.

For error shown let there be a

New trial.