## STATE v. HOWARD E. MOORE.

### (Filed 9 April, 1947.)

1. **Rape § 25—Evidence held insufficient to show that assault was made with intent to ravish notwithstanding any resistance prosecutrix might make.**

    Evidence that defendant, a male, followed prosecutrix along a residential street about ten o'clock at night, passed her, later stepped in front of her, and then stepped in front of her again to prevent her from crossing the street, followed her back to the sidewalk and took her by the arm and threatened to blow her brains out if she tried to run or scream, that prosecutrix did scream and run to the nearest house and that defendant followed her to the embankment by the sidewalk in front of the house, but pursued her no farther, *is held* insufficient to show intent on the part of

defendant to ravish prosecutrix in any event notwithstanding any resistance on her part, and defendant was entitled to nonsuit on the charge of assault with intent to commit rape.

**2. Same—**

Where in a prosecution under a bill of indictment charging assault with intent to commit rape the evidence discloses an assault but is insufficient to prove intent to ravish prosecutrix notwithstanding any resistance on her part, defendant is entitled to nonsuit on the offense charged, but is not entitled to his discharge, since he may be convicted under the bill of indictment for assault upon a female as though this offense had been separately charged in the bill.

APPEAL by defendant from *Nimocks, J.,* at August Term, 1946, of PITT.

Criminal prosecution tried upon indictment charging the defendant with an assault with intent to commit rape.

The evidence tends to show that on the night of 26 May, 1946, in the City of Greenville, about ten o'clock, the prosecutrix, who was employed as cashier at the Pitt Theatre, left the theatre and started walking home. The defendant followed her, passed her and later stepped out in front of her, she started to cross the street and defendant got in front of her and she ran back to the sidewalk; he followed her and took her by the arm and said if she "tried to run or scream he would blow my . . . brains out." The prosecutrix did scream and got away from the defendant and ran to the nearest house, the home of a Mr. Suggs. The defendant followed her to the edge of the Suggs lot and was last seen by the prosecutrix on the embankment by the sidewalk in front of the Suggs house.

Verdict: Guilty. Judgment: Imprisonment in the State's Prison for not less than 7 nor more than 10 years. The defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Wm. J. Bundy for defendant.*

DENNY, J. The defendant moved for judgment as of nonsuit at the close of the State's evidence, on the ground that the evidence is insufficient to convict the defendant of an assault with intent to commit rape. The motion was overruled, but renewed at the close of all the evidence and again denied. From this ruling, the defendant appeals and assigns error.

The appellant is relying on *S. v. Massey,* 86 N. C., 658; *S. v. Jeffreys,* 117 N. C., 743, 23 S. E., 175; *S. v. Smith,* 136 N. C., 684, 49 S. E., 336;

*S. v. Hill,* 181 N. C., 558, 107 S. E., 140, and *S. v. Gay,* 224 N. C., 141, 29 S. E. (2d), 458.

In the case of *S. v. Massey, supra,* the defendant pursued the prosecutrix for a considerable distance and threatened to kill her if she did not stop. He continued to pursue her until she arrived in front of a house, where she was met by a colored woman. He then disappeared. This evidence was held insufficient to sustain a verdict of guilty of an assault with intent to commit rape.

The facts in the case of *S. v. Jeffreys, supra,* were substantially as follows: The prosecutrix, while going to her well, a distance of 175 yards, passed the defendant who solicited her to have sexual intercourse with him. She replied that she was not that kind of woman. Whereupon the defendant said "he was going to have it anyway," and exposed his privates. He then followed her until she crossed a fence. He threw his foot upon the fence, but went no further. This evidence was also held insufficient to sustain a conviction of an assault with intent to commit rape. To the same effect was the holding in, *S. v. Hill, supra,* where the defendant went to the bedroom of the prosecutrix about eleven o'clock at night, and took hold of her hand and placed his other hand upon her head waking her up. The prosecutrix screamed, ordered him from the room, and he left immediately.

In *S. v. Smith, supra,* the defendant went to the field where the prosecutrix was hoeing cotton. After making inquiry as to where the other members of her family were, he offered to hoe out the row of cotton for her, and did so. He then threw away the hoe and grabbed her by the arm and tried to put his other arm to her neck under the chin. Upon a show of resistance, he released her and left the field. On appeal this evidence was likewise held not sufficient to sustain the verdict of guilty of an assault with intent to commit rape.

This Court said, in *S. v. Massey, supra:* "In order to convict a defendant on the charge of an assault with intent to commit rape, the evidence should show not only an assault, but that the defendant intended to gratify his passion on the person of the woman, and that he intended to do so, at all events, notwithstanding any resistance on her part. . . . The guilt of a person is not to be inferred because the facts are consistent with his guilt, but they must be inconsistent with his innocence."

And in *S. v. Gay, supra, Winborne, J.,* in speaking for the Court, said: "While the evidence shows defendant solicitous to gratify his passion on the person of the woman, it is wholly lacking in the intention 'to do so, at all events, notwithstanding any resistance on her part.' Yet the evidence in the record would warrant the finding of a verdict of guilty of an assault upon a female person, G. S., 15-169; G. S., 14-33; *S. v. Smith, supra* (157 N. C., 578, 72 S. E., 853); *S. v. Williams,* 186 N. C., 627, 120 S. E., 224, and cases cited . . ."

In each of the above cases upon which the defendant is relying, it was pointed out, however, that the evidence was sufficient to support a verdict of guilty of an assault and a new trial was ordered.

The State, on the other hand, is relying on *S. v. Mitchell,* 89 N. C., 521; *S. v. Williams,* 121 N. C., 628, 28 S. E., 405; *S. v. Garner,* 129 N. C., 536, 40 S. E., 6; *S. v. Leak,* 156 N. C., 643, 72 S. E., 567, and similar cases.

The above cases are distinguishable from the one before us and the cases hereinbefore cited, except that of *S. v. Garner, supra,* in which case the verdict below was sustained by a divided Court.

We concede this is a border line case. The prosecutrix was the cashier at a local theatre, and had been engaged in that capacity until immediately before she started home on the evening in question. The intent of the defendant may have been to rob her. The assault took place in a residential section of the City of Greenville. While his conduct was reprehensible and unlawful, we hardly think the evidence sufficient to support a verdict of assault with intent to commit rape. Therefore, the defendant is entitled to a nonsuit upon the charge of assault with intent to commit rape, but he is not entitled to his discharge. He could have been convicted of an assault on a female under the present bill of indictment, the same as if such an offense had been separately charged therein. *S. v. Jones,* 222 N. C., 37, 21 S. E. (2d), 812; *S. v. Hill, supra.* Furthermore, it is admitted by the defendant "that the evidence is sufficient to make out a case of assault on a female."

For the reason herein pointed out, there should be a new trial, and it is so ordered.

New trial.