### STATE v. FREDERICK SUTTON.

(Filed 25 February, 1948.)

**Rape § 23—**

Evidence tending to show that defendant, in a drunken condition, went to the office where prosecutrix worked, asked her a question, and after she had answered, continued to stare at her, that prosecutrix went out in the hall and defendant, an adult male, followed and continued to stare at her, causing prosecutrix to become frightened and run up the steps followed by defendant, so that prosecutrix, frightened by implied threat of force, was caused to go where she otherwise would not have gone, *is held* sufficient evidence to sustain a verdict of guilty of assault on a female by a male over 18 years of age.

DEFENDANT'S appeal from *Parker, J.,* January Term, 1948, WASHINGTON Superior Court.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*P. H. Bell and E. L. Owens for defendant, appellant.*

SEAWELL, J. The defendant was tried in the Recorder's Court of Washington County on a warrant charging him with assault on a female, he being a male over 18 years of age, and on conviction and sentence to 12 months service on the public roads under supervision of the State

Highway Commission, he appealed to the Superior Court where the case was tried *de novo* on the warrant, and resulted in conviction and a sentence of six months on the roads. The defendant appealed, assigning errors.

His challenge to the validity of the trial rests principally on the refusal of the court to sustain his demurrer to the evidence, and allow his motion to nonsuit because of its insufficiency, and on the alleged prejudicial error in the instruction to the jury containing a summation of the evidence relating to defendant's conduct on the occasion of the alleged assault.

While the court in a full charge stated and reviewed all the evidence *in extenso,* the challenged paragraph sufficiently epitomizes the evidence on which the State relies to serve the purpose of this review, and we quote:

"If the State of North Carolina has satisfied you beyond a reasonable doubt from the evidence in this case, the burden of proof being upon the State to so satisfy you, that Frederick Sutton, at and in Washington County, was a male person, over 18 years of age, and that on the 27th day of October, 1947, he did intentionally, unlawfully, and willfully go into the office of the Clerk of the Superior Court of Washington County and ask Mrs. Louise Allen, a female person, where was the Sheriff's office, and after Mrs. Allen told him, that he stood and stared at her without moving, that Mrs. Allen went out into the hall and stood on the first step leading to the courtroom and that the defendant came out into the hall and stared at Mrs. Allen; that Mrs. Allen pointed in the direction of the Sheriff's office and that as the defendant continued to stare, Mrs. Allen stepped up the steps two more steps, and the defendant stepped towards her two steps, still staring at her, and that Mrs. Allen became frightened and ran up the steps and that the defendant ran up the steps behind her; that Mrs. Allen was screaming; and if you further find beyond a reasonable doubt from the evidence in this case that this was an intentional show of violence or an intentional display of force by the defendant that caused Mrs. Allen reasonably to apprehend imminent danger and that it put Mrs. Allen in fear and thereby forced Mrs. Allen to leave the Clerk's office and to leave the floor of the hall in front of the Clerk's office and to run upstairs to the courtroom, it will be your duty to return a verdict of guilty as charged in the warrant."

There was evidence in support of all the facts thus summarized, and we do not find the instruction subject to criticism as a matter of law or affected with prejudicial error. *S. v. Williams,* 186 N. C., 627, 120 S. E.,

224; *S. v. Daniel,* 136 N. C., 571, 48 S. E., 544; *S. v. Jeffreys,* 117 N. C., 743, 23 S. E., 175; *S. v. Hampton,* 63 N. C., 13; *S. v. Mierfield,* 61 N. C., 108; *S. v. Strickland,* 192 N. C., 253, 134 S. E., 850; *S. v. Davenport,* 156 N. C., 597, 609, 72 S. E., 7.

While the defendant's evidence shows him to be a man of good character, and also develops that he did want to talk with the sheriff, and subsequently did so, and while he denies any purpose to molest Mrs. Allen, it was also in evidence that he was drunk, and he admits that he was "high."

On the evidence the case was for the jury and the motion for judgment of nonsuit was properly denied. The case closely parallels *S. v. Williams, supra,* and that authority is, we think, controlling.

We find

No error.