STATE v. JAMES R. HEATER, JR.

(Filed 24 November, 1948.)

**1. Rape § 25—**

Evidence in this case *held* sufficient to be submitted to the jury upon the charge of assault upon a female with intent to commit rape.

**2. Rape § 24—**

In order to constitute an assault with intent to commit rape there must not only be an assault but also an intent on the part of the defendant to gratify his passion notwithstanding any resistance on the part of his intended victim.

**3. Rape § 25—**

In a prosecution for an assault with intent to commit rape it is error for the court to refuse to give, in substance at least, defendant's requested instruction, based upon his testimony, to the effect that he would not be guilty if he desisted immediately prosecutrix resisted his advances.

APPEAL by defendant from *Coggin, Special Judge,* at May Term, 1948, of WAKE.

Criminal prosecution tried upon indictment charging the defendant with assault on a female with intent to commit rape.

The jury returned a verdict of guilty, and from the judgment entered thereon, the defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Thos. W. Ruffin for defendant.*

DENNY, J. The evidence offered in the trial below is sufficient to withstand the motion for judgment as of nonsuit, and the exception to the ruling of the court below, denying such motion, will not be sustained.

The defendant testified that he had been in the home of the prosecuting witness several times during the week in which he is charged with assaulting her with intent to commit rape; that she had encouraged his attentions; that he had kissed her and embraced her on several previous occasions; that while he intended to have sexual intercourse with her on the day in question, when she resisted his advances he quit the minute he found out she did not want any more of his attentions and did not want to go that far; that he apologized and told her he had misunderstood her intentions.

In the light of the above evidence, the defendant excepts and assigns as error the failure of the trial judge to give his prayer for special instructions, tendered in apt time, as follows: "I further charge you

that if you find from the evidence in this case, not beyond a reasonable doubt but . . . to your satisfaction that when the defendant discovered that the prosecuting witness did not want to receive any attention from him and resisted him that he desisted and quit his advances toward her, then I charge you that it would be your duty to return a verdict of 'not guilty' because the law is that the defendant must have had an intent to gratify his passion on the person of the woman notwithstanding any resistance she might make and if he quit and desisted in his attentions when she resisted, then he would not be guilty."

This Court said in *S. v. Massey,* 86 N. C. 658 : "In order to convict a defendant on the charge of an assault with intent to commit rape, the evidence should show not only an assault, but that the defendant intended to gratify his passion on the person of the woman, and that he intended to do so, at all events, notwithstanding any resistance on her part . . . The guilt of a person is not to be inferred because the facts are consistent with his guilt, but they must be inconsistent with his innocence." *S. v. Jeffreys,* 117 N. C. 743, 23 S. E. 175; *S. v. Smith,* 136 N. C. 684, 49 S. E. 336; *S. v. Hill,* 181 N. C. 558, 107 S. E. 140; *S. v. Gay,* 224 N. C. 141, 29 S. E. (2) 458; *S. v. Moore,* 227 N. C. 326, 42 S. E. (2) 84.

A careful review of the evidence leads us to the conclusion that the defendant's prayer, or the substance thereof, should have been given; therefore the exception upon which this assignment of error is based, will be upheld.

The defendant is entitled to a new trial, and it is so ordered.

New trial.