STATE v. MARION IRA ROSS.

(Filed 12 October, 1966.)

**1. Robbery § 5—**

In a prosecution for robbery by use of a knife, an instruction to return a verdict of guilty "as charged", without any reference to a knife or other weapon whereby the life of the victim was endangered or threatened, is erroneous.

**2. Same—**

Where the State's evidence is to the effect that defendant's companion held a knife to the victim's throat in perpetrating a robbery, and that the victim received a cut on his neck, and that defendant and his companion attacked and beat their victim and took money from his person, but no knife is introduced in evidence or described by any witness, it is error for the court to fail to submit the question of defendant's guilt of the lesser crime of common law robbery.

APPEAL by defendant from *McLean, J.,* March 7, 1966, Regular Schedule "A" Criminal Session of MECKLENBURG.

Criminal prosecution on an indictment charging that defendant, on the 18th day of February, 1966, "unlawfully, willfully and feloniously, having in his possession and with the use and threatened use of firearms, and other dangerous weapons, implements, and means, to wit: A knife, whereby the life of T. W. Welch was endangered and threatened, did then and there, unlawfully, willfully, forcibly, violently and feloniously, take, rob, steal, and carry away $59.00 in lawful money of the United States, the property of T. W. Welch of the value of less than $200.00, to wit: $59.00, from the presence, person, place of business, and residence of T. W. Welch," a felony punishable as provided in G.S. 14-87.

Plea: Not guilty.

Verdict: "Guilty of Armed Robbery."

Judgment: Imprisonment for not less than fifteen nor more than seventeen years.

Defendant appealed, assigning errors.

---

STATE *v.* ROSS.

---

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*Carson & Schwartz for defendant appellant.*

PER CURIAM.   Evidence was offered by the State and by defendant. Both relate to what occurred in the rest room of a cafe (Eatwell Cafe) on West Trade Street in Charlotte, North Carolina, between 9:00 and 10:00 p.m. on Friday, February 18, 1966.

The State's evidence, in brief summary, tends to show: Defendant and "another guy" followed Welch into the rest room. The "other guy" held a knife to Welch's throat and "said something about money." Welch received a cut on his neck. Both men attacked Welch and beat him. Defendant held Welch while "this other one" took Welch's billfold out of his pocket and left the premises. Welch's billfold contained "about $49.00."

Defendant's evidence, in brief summary, tends to show: Welch and one "Butch" Gordon were sitting together in the Eatwell Cafe drinking and "matching for dollars." Welch refused to pay Gordon what he had won. Gordon followed Welch into the rest room and, after "wrestling around," Gordon got Welch's billfold and left. The billfold contained $13.00. Defendant came into the rest room while Welch and Gordon were scuffling and tried to "break (them) up."

No knife was offered in evidence or described by any witness.

In the beginning of the charge, the court instructed the jury: "(U)nder the charge as laid in this bill of indictment and under the evidence as offered by the State, you may return either one of three possible verdicts: robbery as charged in the bill of indictment, common law robbery, or not guilty of either offense." The court's instructions contain no further reference to common law robbery.

The court's final instructions were as follows: "So the Court instructs you that if you should find from this evidence beyond a reasonable doubt that on the 18th day of February 1966, that the defendant, Marion Ira Ross, was present in the toilet or rest room of the Eatwell Cafe here in the City of Charlotte, together with T. W. Welch and Gordon, and while there he — that while Ross was there, together with Gordon, that he held Welch and that Gordon took his money and ran off with it, the Court instructs you that it would be your duty to return a verdict of guilty as charged in this bill of indictment. If you do not so find, you would return a verdict of not guilty. Or if, upon a fair and impartial consideration of all the facts and circumstances in the case, there should arise in your minds a reasonable doubt as to either element of this offense upon that theory of the case, it would be your duty to return a verdict of

not guilty."

The last quoted instructions are defective with reference to the crime charged in the bill of indictment in that they contain no reference to a knife or other dangerous weapon, implement or means, whereby the life of Welch was endangered or threatened. The findings referred to in these instructions would not warrant a verdict of guilty as charged in the bill of indictment.

Moreover, the court's specific and final instructions restricted the jury to one of two verdicts, namely, a verdict of guilty as charged in the bill of indictment or not guilty. There was evidence tending to show commission by defendant of an included crime of lesser degree, namely, common law robbery. Hence, whether defendant was guilty of common law robbery should have been submitted. *S. v. Holt*, 192 N.C. 490, 135 S.E. 324; *S. v. Hicks*, 241 N.C. 156, 84 S.E. 2d 545; *S. v. Wenrich*, 251 N.C. 460, 111 S.E. 2d 582.

It is unnecessary to consider whether other included crimes of less degree should have been submitted *e. g.*, larceny from the person, assault with a deadly weapon, simple assault. At the next trial, these questions will be for determination in the light of the evidence then presented.

For indicated errors in the charge, defendant is entitled to a new trial.

New trial.