### STATE v. LLOYD WAYNE SHULL.

(Filed 28 September, 1966.)

**Rape § 18—**

The State's evidence in this case held sufficient to support the verdict of guilt of assault with intent to commit rape.

APPEAL by defendant from *Anglin, J.*, 28 March 1966 Regular Session of GASTON Superior Court.

Criminal prosecution on indictment charging the defendant with the felony of rape of a female person, Maria Hambright, and drawn in the language of G.S. 14-21. The solicitor placed defendant on trial for assault with intent to commit rape, or assault on a female, as the evidence might warrant. Defendant pleaded not guilty. From a verdict of guilty of assault with intent to commit rape, defendant appealed.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*
*Lewis Bulwinkle for defendant appellant.*

PER CURIAM. The sole question presented by this appeal is: Did the court err in refusing to grant defendant's motions for judgment as of nonsuit at the conclusion of the State's evidence and at the conclusion of all evidence?

The State's evidence tends to show the following facts: On 22 February 1966, at about 8:30 P.M., defendant, pretending he was going to take prosecutrix to a mill to inquire about employment, induced her to ride with him. Instead, he parked his car, announced his intentions, and put his hands under her clothing. Prosecutrix broke away and ran in the yard of a house. Defendant followed and promised to take her home. However, he once more stopped the car and advanced on her. She again managed to get out of the car. Defendant pursued and caught her, threw her on a ditch bank, and pulled off part of her clothes. He then pushed her in the back seat of the car, held her down so she could not breathe, and finally accomplished his purpose.

In a criminal case, "On motion for nonsuit, it is a. question of law for the court to determine, in the first instance, whether the evidence adduced, when considered in its light most favorable to the State, is of sufficient probative force to justify the jury in drawing the affirmative inference of guilt." *State v. Needham,* 235 N.C. 555, 71 S.E. 2d 29.

"To convict a defendant on the charge of an assault with intent to commit rape the State must prove not only an assault but that defendant intended to gratify his passion on the person of the woman, and that he intended to do so, at all events, notwithstanding any resistance on her part. . . . It is not necessary to complete the offense that the defendant retain the intent throughout the assault, but if he, at any time during the assault, have an intent to gratify his passion upon the woman, notwithstanding any resistance on her part, the defendant would be guilty of the offense. . . . Intent is an attitude or emotion of the mind and is seldom, if ever, susceptible of proof by direct evidence, it must ordinarily be proven by circumstantial evidence, *i. e.,* by facts and circumstances from which it may be inferred." *State v. Gammons,* 260 N.C. 753, 133 S.E. 2d 649, and cases cited.

Defendant's motions for judgment as of nonsuit were properly overruled.

Affirmed.