STATE OF NORTH CAROLINA v. PETE PATTERSON AND BARBARA HOUGH

No. 7820SC796

(Filed 19 December 1978)

**Criminal Law § 113.6— two defendants—instructions—separate verdicts as to each**

In a prosecution for common law larceny, the trial court's two statements with respect to considering the guilt of each defendant separately were insufficient to cure the court's earlier erroneous instruction that, if the jury found that either defendant had committed the acts charged, then both would be guilty.

APPEAL by defendants from *Walker (Hal H.), Judge*. Judgment entered 18 May 1978 in Superior Court, UNION County. Heard in the Court of Appeals on 6 December 1978.

Defendants were charged in separate bills of indictment proper in form with common law robbery. Upon their pleas of not guilty, the State introduced evidence tending to show the following:

On 24 March 1978, a Friday at around 4:30 p.m., Willie Craig cashed a paycheck in Monroe, North Carolina, and went shopping at Belk's department store. After making his purchases and leaving the store, Craig saw the defendants outside the store and talked with them briefly. He then took a taxi to First Street and purchased some items at a store there. After he left the store, he again saw the defendants who asked him to go get a drink with them. Defendant Patterson then grabbed him around the throat from behind and defendant Hough took Craig's billfold containing sixty dollars from his pocket and a package containing some clothes he had bought that day. Defendant Hough ran away, and, when Craig turned around, defendant Patterson hit him in the

mouth. A few days later, Craig saw the defendants again. They asked him if he had taken out a warrant on them and he replied that he had. They then offered to give him his sixty dollars back if he would take back the warrant.

Defendants introduced evidence tending to show the following:

Defendants saw Craig outside Belk's department store on the afternoon in question when they had gone to the public utilities office in Monroe. After making a deposit to get the water and power turned on at their residence, defendants returned home. They arrived at their residence around 5:00 or 5:30 p.m. and shortly thereafter a man came and turned on their water and electricity. Defendants never went to First Street that day and never saw Craig again that day. Defendant Patterson's employer suggested that they give Craig sixty dollars, but Patterson refused. Defendant Hough offered to give Craig sixty dollars but maintained that they had not robbed him. Craig refused to take the money. Bruce Helms, an employee of the city, testified that he arrived at defendants' residence to turn on the water and electricity about 5:30 p.m. on the day in question. While he was there, he saw defendant Patterson and heard a woman's voice inside the house.

The jury found both defendants guilty as charged. Defendant Patterson received a sentence of four to five years and defendant Hough received a sentence of three to five years. Defendants appealed.

*Attorney General Edmisten, by Associate Attorney Douglas A. Johnston, for the State.*

*William H. Helms for defendant appellants.*

HEDRICK, Judge.

The sole question presented by this appeal is whether the trial court committed prejudicial error in its charge to the jury by instructing that if it found that either defendant had committed the acts charged then both would be guilty. Defendants assign as error the following portion of the court's charge:

So I charge you that if you find all of the essentials I am about to give you in regard to common law robbery existed on this day, the 24th of March 1978, and that Pete Patterson and Barbara Hough acted either by himself or herself, or acted together with the common design of relieving Craig of his money, of any value, without his consent and by force or threats of force, did take his money, then they would both be guilty of the crime of common law robbery, if you find that the essentials were present.

. . .

I charge you that for you to find Pete Patterson and the defendant, Barbara Hough, guilty of common law robbery, the State of North Carolina must prove six things beyond a reasonable doubt, as I have defined that term to you. First, that either defendant took the money, or that they both took the money from the person of Willie Craig on the 24th of March, 1978; second, that the defendant or either of them carried away the property, that is, took it from the person of Craig, and removed it from his person and carried it away; third, that Craig did not voluntarily agree or consent to the taking and carrying away of the money; fourth, that at the time the defendant, Patterson, and defendant, Hough, intended to deprive Craig of its use permanently; fifth, that the defendants knew that he or she was not entitled to take the property; and sixth, that the taking of the property was by violence or by placing Craig in fear.

Numerous cases in North Carolina have held that upon the joint trial of two or more defendants, it is reversible error for the court to give a charge that is susceptible to the construction that the jury should convict all of the defendants if it finds one of them guilty. *State v. Abernathy*, 295 N.C. 147, 244 S.E. 2d 373 (1978); *State v. Tomblin*, 276 N.C. 273, 171 S.E. 2d 901 (1970); *State v. Lockamy*, 31 N.C. App. 713, 230 S.E. 2d 565 (1976); *State v. Cottingham*, 30 N.C. App. 67, 226 S.E. 2d 387 (1976). When defendants are charged with identical offenses and the evidence adduced at the consolidated trial is the same as to each defendant, the trial judge is not required to give wholly separate instructions as to each defendant; however, he must either give a separate final mandate as to each defendant or otherwise clearly

instruct the jury that the guilt or innocence of one defendant is not dependent on the guilt or innocence of a codefendant. *State v. Lockamy, supra.*

In the present case, the trial judge after giving the above quoted instructions, charged the jury:

> Your decision must be unanimous as to each defendant, and your verdict will be taken separately as to each defendant.

> You may find each defendant guilty as charged of common law robbery, or, not guilty. There are two possible verdicts as to each defendant.

While we are not unmindful of the rule that the charge must be considered as a whole, and, if considered in that light, it fairly and accurately presents the law, an isolated expression that is technically inaccurate will afford no ground for reversal, *State v. Tomblin, supra,* we believe these two sentences are not sufficient to cure the erroneous portion of the charge. Because the charge in the present case was susceptible to the interpretation that the jury must find either both defendants guilty or both defendants not guilty, defendants are entitled to a new trial.

New trial.

Judges PARKER and ERWIN concur.