State v. Wade

STATE OF NORTH CAROLINA v. CARLOS RICHARD WADE, JR.

No. 8012SC391

(Filed 21 October 1980)

1. **Criminal Law § 118.1– defendant's contentions not stated by court – instructions proper**

    There was no merit to defendant's contention that the trial court erred in stating the contentions of the State without stating the contentions of defendant, since defendant did not object to the charge during the course of the trial; the trial judge did not give all the contentions of the State nor did he recapitulate all the evidence of the State; and there was no evidence favorable to the nontestifying defendant which would require an instruction thereon.

2. **Rape § 6.1– first degree rape charged – assault with intent to rape properly submitted to jury**

    In a prosecution of defendant for the first degree rape of two people, the trial court did not err in submitting the offense of assault with intent to commit rape to the jury, since there was evidence of the lesser included offense, and there was no reasonable possibility that a verdict of not guilty would have been returned had the judge failed to instruct on the lesser included offense.

3. **Rape § 6– rape of two victims – instructions not ambiguous**

    There was no merit to defendant's contention that the trial court's instructions in a rape prosecution were confusing, and there was no language which would suggest that the jury should find defendant guilty of rape of both victims if he was found guilty of raping one of the victims.

APPEAL by defendant from *Bailey, Judge*. Judgment entered 29 November 1979 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 17 September 1980.

Defendant was charged in two bills of indictment, to wit: in Case No. 79CRS36555, defendant was charged with the offense of first-degree rape of one Catherine Thaggard, and in Case No. 79CRS36556, defendant was also charged with the offense of first-degree rape of one Sue Carol Thaggard. Defendant was found guilty of assault with intent to commit rape of Catherine Thaggard and guilty of second-degree rape of Sue Carol Thaggard.

The State's evidence tended to show that the prosecuting witnesses, Sue Carol and Catherine Thaggard, are sisters, ages eighteen and sixteen years. On Saturday, 4 August 1979, Sue Carol and Catherine were visiting their older sister, Emma, at

her apartment in Fayetteville. Sometime after midnight, the defendant, who had previously dated Emma Thaggard, arrived at the apartment. After about an hour, defendant went into Emma's bedroom and lay on her bed. Emma could not get defendant to leave her apartment, so Sue Carol and Catherine slept in the living room. About 6:00 a.m., Emma left for work. Emma and a cousin, Charles Whitted, who drove her to her job at a nursing home, were able to persuade defendant to leave the apartment at the same time they were leaving. However, defendant returned to the apartment within a few minutes and asked Sue Carol and Catherine to let him in the apartment to look for his keys. Once inside the apartment, defendant drew a knife and forced the sisters to go into the bedroom and undress. He first forced Sue Carol to have sexual intercourse while he lay on the bed. He then told Catherine to assume the same position as her sister.

Defendant then left the apartment after threatening to harm the sisters if they told anyone about the incident. During the incident, Randy Herring, a friend of Sue Carol, was asleep on a couch in the living room. The sisters awakened him approximately one hour after the defendant left. The sisters returned to their home, at which time Sue Carol told her mother that they had been raped. However, the police were not called until the following Friday when Emma heard of the alleged rapes from Sue Carol and informed the police. Neither girl was examined by a doctor.

Defendant did not offer any evidence, and from a consolidated judgment of active imprisonment of not less than seven nor more than twenty-eight years, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Jane P. Gray and Deputy Attorney General William W. Melvin, for the State.*

*James D. Little, for defendant appellant.*

ERWIN, Judge.

Defendant presents three assignments of error with reference to the charge of the trial court to the jury: (1) The court erred in stating the contentions of the State but failed to state the contentions of defendant. (2) The court erred in instructing the jury as to the lesser included offense of assault with intent

State v. Wade

to commit rape. (3) The court erred by giving confusing instructions. We do not agree with defendant and find no prejudicial error in his trial.

## Statement of Contentions

[1] The record does not reveal any objections to the charge given during the course of the trial. Our general rule is that objections to the charge in reviewing and stating the contentions of the parties must be made before the jury retires so as to afford the trial judge an opportunity for correction; otherwise, they are deemed to have been waived and will not be considered on appeal. *State v. Hewett,* 295 N.C. 640, 247 S.E. 2d 886 (1978); *State v. Virgil,* 276 N.C. 217, 172 S.E. 2d 28 (1970); *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469 (1968). The question comes as to whether or not the additional rule applies in the case *sub judice;* that is, where the trial judge in his charge states fully the contentions of the State but fails to give any contentions of the defendant. In that event, the party whose contentions have been omitted is not required to object or otherwise bring the omissions to the attention of the trial court. *State v. Hewett, supra; State v. Crawford,* 261 N.C. 658, 135 S.E. 2d 652 (1964).

The court instructed the jury, *inter alia:*

"In this case the State has offered evidence that in substance tends to show that early on the morning of August the 5th of this year, the defendant, Carlos Richard Wade, Jr., threatened the life of Catherine Thaggard and Sue Carol Thaggard with a knife which has been described as I recall the testimony about so long (indicating) with a brown handle and with a case. That by the use or threatened use of that weapon, he induced Sue Carol Thaggard to engage in the act of sexual intercourse with him and he attempted to require Catherine Thaggard to have intercourse with him but according to her testimony only a small amount of penetration was accomplished and that the act of intercourse was not in fact completed.

DEFENDANT'S EXCEPTION #1

There is a great deal of other evidence offered by the State relating to the various events of this evening but I think the evidence which I have recited is sufficient for the purposes of these instructions to you."

The record is clear that Judge Bailey did not give all the contentions of the State nor did he recapitulate all the evidence of the State. We hold that defendant has waived his right to challenge the instructions by his failure to object at trial. In *State v. Sanders*, 298 N.C. 512, 259 S.E. 2d 258 (1979), our Supreme Court held that where the defendant did not testify as in the case *sub judice*, but where certain evidence was brought out on cross-examination which tended to exculpate defendant, and where the State's evidence itself tended to raise inferences favorable to defendant, the trial court committed error in its instructions where it failed to state any of the evidence favorable to defendant to the extent necessary to explain the application of the law thereto.

Defendant contends that the following evidence is favorable to him: (1) Witness Randy Herring had spent the entire night from about 12:00 midnight or 1:00 a.m. on the couch beside the door leading to the bedroom where the alleged rapes occurred. (2) There was no medical evidence offered. (3) Neither victim mentioned the alleged rape to Randy Herring, Charlie Whitted, Jr., her grandmother, or her aunt on 5 August 1979, the date of the events in question. Randy Herring testified:

"When I woke up, Sue and Catherine were both calling me.

They did not shake me to wake me up, they were just standing in the door calling me, but they said they had threw some water on me at first. When I woke up they were standing in the door and neither one of them said anything to me at that point about anything that had happened. I'd say that the first time either one of them told me anything about what had happened was about four weeks or five."

Charlie Whitted, Jr. testified:

"They came over later on around about 9:30 or 10, something like that and woke me up and I took them back, dropped them off at my aunt's house and went home. They did not tell me anything about what had happened to them.

... I could not tell that there was any difference in them than they looked the night before. They just didn't say nothing when we was riding; they did not say anything about Carlos or Randy."

The reasonable inference from the above evidence does not rise to the status of a defense to the offenses charged. This evidence as other evidence was for the jury to consider in deciding on defendant's guilt or innocence. The court instructed the jury:

"You should not consider that I have mentioned the evidence to you for the purpose of refreshing your recollection. I have not. Should you find that your recollection of what the evidence indicates was differs [sic] from what either I or the lawyers have stated to you, you should disregard what we have said about the evidence and be guided in your deliberations solely by your own recollection of what the evidence in the case was. I have not made any attempt as I stated to recite all the evidence. You should not consider by that fact that all the evidence is not important. You should consider all of the evidence that you have heard at least to the extent of deciding what evidence you believe and what the importance of that evidence is in the light of the other believable evidence."

We find no merit in this contention of defendant.

### The Lesser Included Offense

[2] Defendant contends that "[t]here was no evidence whatsoever presented that [defendant] committed the offense of assault with intent to commit rape. The evidence of the State indicated that he was guilty of either first or second degree rape or not guilty."

The determinative factor for charging the jury on a lesser included offense is the presence of evidence offered at trial from which a jury could find that such a crime of a lesser degree was committed.

In *State v. Roy* and *State v. Slate*, 233 N.C. 558, 559, 64 S.E. 2d 840, 841 (1951), our Supreme Court held:

"The defendant Roy contends that since all the evidence pointed toward the crime of rape, and the State not having asked for a conviction of that crime, that his motion for nonsuit on the charge of assault with intent to commit rape should have been allowed. The contention is without merit. For, it is well settled that an indictment for an

offense includes all the lesser degrees of the same crime. *S. v. Moore*, 227 N.C. 326, 42 S.E. 2d 84; *S. v. Gay*, 224 N.C. 141, 29 S.E. 2d 458; *S. v. Jones*, 222 N.C. 37, 21 S.E. 2d 812; *S. v. High*, 215 N.C. 244, 1 S.E. 2d 563; *S. v. Williams*, 185 N.C. 685, 116 S.E. 736; *S. v. Hill*, 181 N.C. 558, 107 S.E. 140. And although all the evidence may point to the commission of the graver crime charged in a bill of indictment, the jury's verdict for an offense of a lesser degree will not be disturbed, since it is favorable to the defendant. G.S. 15-169; *S. v. Bentley*, 223 N.C. 563, 27 S.E. 2d 738; *S. v. Harvey*, 228 N.C. 62, 44 S.E. 2d 472; *S. v. Matthews*, 231 N.C. 617, 58 S.E. 2d 625."

Relying on *State v. Ray*, 299 N.C. 151, 261 S.E. 2d 789 (1979), defendant contends that in his case, there existed a reasonable possibility that he would have been acquitted had not the lesser offense been erroneously submitted, the error is prejudicial, and he is entitled to appellate relief.

Catherine Thaggard testified:

"Nothing happened after I got up in position on top of the defendant, Carlos Wade. He was forcing hisself [sic] into me. When I say he was forcing himself into me I mean he was up there forcing his penis into my private. He actually forced his penis a little into my vagina or private part and that is when I started crying."

We hold the evidence supported the verdict returned, and there was no reasonable possibility that a verdict of not guilty would have been returned had the judge failed to instruct on the lesser included offense. If there were error from the instruction complained of, such was favorable to defendant and harmless.

## Confusing Instructions

[3] In this contention, defendant states that the court's instructions considered as a whole are confusing, thereby denying him his right to due process of law and equal protection of the law.

In reviewing the charge of a trial court, this Court must read and consider the charge as a whole. When a charge presents the law fairly and clearly to the jury, it will afford no ground for reversing the judgment, though some of the expressions, when standing alone, might be regarded as erroneous.

*State v. Hall,* 267 N.C. 90, 147 S.E. 2d 548 (1966); *State v. Exum,* 138 N.C. 599, 50 S.E. 283 (1905). Defendant calls our attention to *State v. Patterson,* 39 N.C. App. 243, 249 S.E. 2d 833 (1978), which he contends is authority which would require us to reverse the judgment entered by the trial court and award defendant a new trial. We do not agree. In *Patterson,* the charge in question was susceptible to the construction that the jury should convict all defendants if it found one of them guilty. In the case *sub judice,* only one defendant was tried; there were two victims who alleged that they had been raped. We do not find ambiguity in the charge when considered as a whole, nor do we find any language that would suggest that the jury should find defendant guilty of rape of both victims if he was found guilty of raping one of the victims. We hold this assignment of error to be without merit.

In the trial of defendant, we find

No error.

Judges ARNOLD and WELLS concur.