STATE OF NORTH CAROLINA v. SCOTT CANUP

No. 9426SC184

(Filed 20 December 1994)

**1. Rape and Allied Offenses § 122 (NCI4th)— attempted second-degree rape—sufficiency of evidence**

The evidence was sufficient to support defendant's conviction of attempted second-degree rape where defendant's actions of undressing himself, holding the prosecutrix down, forcing her to fondle his penis, spreading her legs apart, pulling her pants and underpants down, and then lying on top of her were all overt acts showing intent to rape, going beyond mere preparation but falling short of the completed offense of second-degree rape.

**Am Jur 2d, Rape §§ 88 et seq.**

**2. Rape and Allied Offenses § 197 (NCI4th)— evidence supporting second-degree rape—conviction for attempted second-degree rape—defendant not prejudiced**

There was no merit to defendant's contention that the evidence submitted indicated that only the greater charge of second-degree rape should have been submitted to the jury, since the evidence submitted would have supported defendant's being charged with either second-degree rape or attempted second-degree rape and convicted of either offense; the fact that the State elected to prosecute defendant for the lesser crime of attempted second-degree rape and that the jury found defendant guilty did not prejudice defendant; and if there was error, it was favorable to defendant.

**Am Jur 2d, Rape § 110.**

**Lesser-related state offense instructions: modern status. 50 ALR4th 1081.**

Appeal by defendant from judgment entered 2 September 1993 by Judge Charles C. Lamm, Jr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 25 October 1994.

STATE v. CANUP

[117 N.C. App. 424 (1994)]

*Attorney General Michael F. Easley, by Assistant Attorney General Ellen B. Scouten, for the State.*

*Office of the Public Defender, by Assistant Public Defender Julie Ramseur Lewis, for defendant-appellant.*

THOMPSON, Judge.

Defendant Scott Canup appeals from a judgment imposing a split active sentence of 150 days and probation of five years for the attempted second degree rape of the prosecutrix. Defendant assigned as error the ruling of the trial court denying his motion to dismiss. We find no error.

In October of 1992 the prosecutrix was 14 years old and in the 9th grade at West Mecklenburg High School. The prosecutrix lived with her parents and her younger sister in Charlotte. Defendant resided two houses away. Defendant was 18 years old and would sometimes come to visit the prosecutrix's father who restored old cars. The prosecutrix had seen the defendant at her father's garage several times and had also seen him inside the house on several occasions when he had used the bathroom.

The prosecutrix arrived home on the school bus each day at about 2:45 p.m. Both of her parents worked outside the home and did not return home until about 4:00 to 4:30 p.m. One weekday in October of 1992, shortly after the prosecutrix arrived home from school, she was sitting near the back door talking on the telephone with her girlfriend when she heard someone knocking at the back door. She told her girlfriend to hold on and laid the telephone down while she went to the back door where she saw the defendant. The defendant asked if her dad had any cigarettes. The prosecutrix responded that he did but he smoked a different brand than defendant smoked. She then offered him some money to buy them each a pack of cigarettes.

The prosecutrix told the defendant to stand by the back door and she would be back with the money. She did not invite him into the house. The prosecutrix went to her bedroom to get some money out of a chest of drawers. When she turned around she saw the defendant in the hallway. She picked up an extension phone which was in her bedroom and told her girlfriend that she would have to call her back because she was going to get the defendant out of the house.

Defendant entered the prosecutrix's bedroom where she gave him money for the cigarettes. Defendant then asked her for a hug, which

she gave him. Defendant began kissing the prosecutrix's neck. She pushed him away and asked him to leave. Defendant asked her for another hug, which she gave him. Defendant then picked the prosecutrix up and laid her on her bed. He began kissing her and she told the defendant she did not want to do anything. Defendant then grabbed her arms and put them above her head. He held her arms with his right hand. The prosecutrix tried to pull away from the defendant but could not get away. Defendant was six feet tall and weighed 200 pounds. Defendant lay on top of the prosecutrix and used his leg to spread her legs apart. He used his left hand to pull down her pants and underpants. Defendant pulled his shorts down around his waist and exposed his penis. He then grabbed the prosecutrix's hand and made her fondle his penis. Defendant then pulled his shorts down to his knees and held the prosecutrix's hand behind her head again. He then "stuck his penis in her vagina" and ejaculated in his hand. Defendant then went to the bathroom and left the house.

Defendant was arrested on 6 January 1993 and indicted on 22 March 1993 for attempted second degree rape of the prosecutrix. The case was tried at the 30 August 1993 criminal session of Mecklenburg County Superior Court before the Honorable Charles C. Lamm, Jr. and a jury. Defendant's defense was in the nature of an alibi. He testified that he spent every afternoon after school at the home of his girlfriend and that every day he had to pick up his girlfriend at her place of work at 3:00 p.m. He also testified that he had never sexually assaulted the prosecutrix in any way and that he did not participate in the incident that she described. On 2 September 1993 the jury found defendant guilty as charged.

[1] On appeal defendant contends that the trial court erred in denying his motion to dismiss on the ground that the evidence was insufficient for a rational trier of fact to find each and every element of the crime charged beyond a reasonable doubt and there was a fatal variance between the indictment and the evidence presented at trial. We disagree.

With respect to the defendant's contention that the evidence was insufficient for a rational trier of fact to find each element of the crime charged beyond a reasonable doubt, the accepted test is whether the conviction is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Earnhardt*, 307 N.C. 62, 66, 296 S.E.2d 649, 652 (1982) (cita-

tion omitted). We find that defendant's acts of undressing himself, holding the prosecutrix down, forcing her to fondle his penis, spread-ing her legs apart, pulling her pants and underpants down, and then lying on top of her are all overt acts showing intent to rape, going beyond mere preparation but falling short of the completed offense of second degree rape. *State v. Boone*, 307 N.C. 198, 210, 297 S.E.2d 585, 592 (1982).

In support of his contention that there was a fatal variance between the proof and the indictment which required dismissal, the defendant relies upon *State v. Williams*, 303 N.C. 507, 510, 279 S.E.2d 592, 594 (1981). In *Williams*, our Supreme Court stated:

It is well settled that the evidence in a criminal case must corre-spond to the material allegations of the indictment, and where the evidence tends to show the commission of an offense not charged in the indictment, there is a fatal variance between the allegations and the proof requiring dismissal (citations omitted).

*Id.* Defendant's reliance upon *Williams* is misplaced. In *Williams* the evidence introduced was of a sexual offense of an entirely different nature from the offense charged. Here, the acts of the defendant irrefutably establish an intent to rape and his dogged pursuit of that purpose.

**[2]** Defendant relies upon *State v. Jeffries*, 57 N.C. App. 416, 291 S.E.2d 859, *disc. review denied and appeal dismissed*, 306 N.C. 561, 294 S.E.2d 374 (1982), to support the proposition that when all of the evidence tends to show a completed act of intercourse it is not prop-er to submit to the jury the lesser offense, in that case "assault on a female." In *Jeffries*, however, the question presented was quite dif-ferent. There the issue was whether the trial court was obligated to *instruct* the jury as to the lesser offense when there was evidence that the greater offense (with which defendant was charged) had been committed. The same is true of *State v. Green*, 95 N.C. App. 558, 383 S.E.2d 419 (1989).

We find the case of *State v. Wade*, 49 N.C. App. 257, 271 S.E.2d 77 (1980), *cert. denied*, 315 N.C. 596, 341 S.E.2d 37 (1986), dispositive of this issue. There, the trial court instructed the jury with regard to assault with intent to commit rape, and the defendant contended that " '[t]here was no evidence whatsoever presented that [defendant] committed the offense of assault with intent to commit rape. The evi-dence of the State indicated that he was guilty of either first or sec-

ond degree rape or not guilty.' " *State v. Wade,* 49 N.C. App. at 261, 165 S.E.2d at 80. This Court rejected the defendant's argument and stated:

> We hold the evidence supported the verdict returned, and there was no reasonable possibility that a verdict of not guilty would have been returned had the judge failed to instruct on the lesser included offense. If there were error from the instruction complained of, such was favorable to the defendant and harmless.

*Id.* 49 N.C. App. at 262, 165 S.E.2d at 80; *see also, State v. Shull,* 268 N.C. 209, 150 S.E.2d 212 (1966).

Evidence that this defendant continued to pursue his malevolent purpose and achieved penetration does not decriminalize his prior overt acts. The completed commission of a crime must of necessity include an attempt to commit the crime. As Rollin Perkins states in his treatise on criminal law, "nothing in the philosophy of juridical science requires that an attempt must fail in order to receive recognition." Rollin M. Perkins and Ronald N. Boyce, Criminal Law, 612 (3rd ed. 1982). The treatise goes on to say:

> A successful attempt to commit a crime will not support two convictions and penalties, one for the attempt and the other for the completed offense. This is for the obvious reason that whatever is deemed the appropriate penalty for the total misconduct can be imposed upon conviction of the offense itself, but this does not require the unsound conclusion that proof of the completed offense disproves the attempt to commit it.

*Id.* at 612 (emphasis supplied).

As in *State v. Wade,* defendant, in the case at bar, contends that the evidence submitted indicated that only the greater charge of second degree rape should have been submitted to the jury. We find that the evidence submitted would have supported the defendant's being charged with either second degree rape or attempted second degree rape and convicted of either offense. The fact that the State elected to prosecute the defendant for the lesser crime of attempted second degree rape and that the jury found the defendant guilty of attempted second degree rape did not prejudice the defendant. The evidence supported that verdict. Moreover, as in *State v. Wade,* we find that if there were error, it was favorable to the defendant and harmless.

We consider defendant's other assignments of error, even if valid, to have been harmless error.

No error.

Judges JOHNSON and MARTIN concur.