**STATE v. PRIMUS**

[227 N.C. App. 428 (2013)]

STATE OF NORTH CAROLINA

v.

MICHAEL ANTHONY PRIMUS

No. COA12-1106

Filed 21 May 2013

1.  **Larceny—attempted felony larceny—motion to dismiss—sufficiency of evidence—completed commission of crime includes attempt**

    The trial court did not err by denying defendant's motion to dismiss an attempted felony larceny charge. The completed commission of a crime must necessarily include an attempt to commit the crime and the evidence was sufficient to show a completed larceny.

2.  **Larceny—attempted felony larceny—injury to personal property—jury instruction—wires and piping connected to air-conditioning unit**

    The trial court did not err in an attempted felony larceny and injury to personal property case by instructing the jury that wires and piping connected to an air-conditioning unit were personal property. If the statement amounted to error, it was an instructional error that was not preserved for appeal. Further, assuming *arguendo* that the instruction was an opinion as to a factual issue, the error was harmless since it was supported by the evidence.

Appeal by defendant from judgment entered 29 June 2012 by Judge Richard T. Brown in Scotland County Superior Court. Heard in the Court of Appeals 12 February 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Donna B. Wojcik, for the State.*

*Richard J. Costanza for defendant appellant.*

McCULLOUGH, Judge.

Michael Anthony Primus ("defendant") appeals from his convictions for attempted felony larceny and injury to personal property. For the following reasons, we find no error and uphold defendant's convictions.

## I. Background

Testimony at trial revealed the following: Wendell Smith ("Mr. Smith") awoke to the sound of a dog barking around 7:00 a.m. on 11 March 2011. Mr. Smith proceeded outside to investigate, at which time he heard a loud noise coming from the direction of his niece's ("Ms. McDonald") mobile home. As Mr. Smith walked towards the direction of the noise, he saw defendant driving away from Ms. McDonald's mobile home in a red vehicle. Defendant was towing a trailer with an air-conditioning unit (the "A/C unit") on it.

Mr. Smith stopped defendant as defendant was turning onto the road from Ms. McDonald's property and asked defendant where he got the A/C unit. Defendant first responded that there were "two or three of them . . . in the woods, and [he] got one of them." However, after Mr. Smith made further inquiry, defendant admitted that he "got that [A/C unit] from that house right down there[,]" indicating Ms. McDonald's mobile home. At that point, Mr. Smith informed defendant that the mobile home from which defendant took the A/C unit belonged to his niece. Defendant then apologized and told Mr. Smith that he would put the A/C unit back. Nonetheless, Mr. Smith informed defendant that he was still going to contact the police.

Ms. McDonald returned home after learning of the incident. Upon arrival, Ms. McDonald found the A/C unit sitting behind her mobile home with all of the connections cut. Ms. McDonald further testified that the A/C unit was previously attached to her mobile home.

Following a police investigation, defendant was arrested pursuant to a warrant issued on 15 March 2011. On 19 September 2011, defendant was indicted by a Scotland County Grand Jury on one count of attempted felony larceny pursuant to N.C. Gen. Stat. §§ 14-72(a) and -2.5 and one count of injury to personal property pursuant to N.C. Gen. Stat. § 14-160. Defendant's case came on for jury trial at the 25 June 2012 Criminal Session of Scotland County Superior Court, the Honorable Richard T. Brown presiding. After hearing testimony from Mr. Smith, Ms. McDonald, the investigating officer, defendant and others, the jury returned verdicts finding defendant guilty of attempted felony larceny and injury to personal property. The trial court consolidated the offenses and entered a judgment on 29 June 2012 sentencing defendant to a term of 10 to 12 months. Defendant gave oral notice of appeal following his sentencing.

## II. Analysis

Defendant raises two issues on appeal: whether the trial court erred in (1) denying his motion to dismiss the attempted felony larceny

charge; and (2) instructing the jury that "[w]ires and piping connected to an air-conditioning unit are personal property." We address these issues in order.

<u>Motion to Dismiss</u>

[1] Defendant first argues that the trial court erred in denying his motion to dismiss on the ground that there was insufficient evidence to present the charge for attempted felony larceny to the jury. "This Court reviews the trial court's denial of a motion to dismiss *de novo.*" *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (internal quotation marks and citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).

At the outset of our analysis, we note that it is the State's decision to charge and prosecute a defendant as it deems appropriate. In this case, the State charged defendant with attempted felony larceny instead of felony larceny. Although defendant admits in his brief that "[t]he evidence conclusively established that [defendant's] actions met each and every element of a completed larceny[,]" defendant now appeals his conviction for the more lenient charge of attempted felony larceny.

Where crimes are defined by elements, in accordance with the standard of review set forth above, we review the sufficiency of the evidence in regard to the specific elements of the offense charged: in this case, attempted felony larceny. " 'The essential elements of a larceny are that the defendant[] (1) took the property of another; (2) carried it away; (3) without the owner's consent; and (4) with the intent to deprive the owner of [the] property permanently.' " *State v. Allen*, 193 N.C. App. 375, 380, 667 S.E.2d 295, 299 (2008) (quoting *State v. Perry*, 305 N.C. 225, 233, 287 S.E.2d 810, 815 (1982)). "The two elements of an attempt to commit a crime are: (1) An intent to commit it, and (2) an overt act done for that purpose, going beyond mere preparation, but falling short of the completed offense." *State v. Powell*, 277 N.C. 672, 678, 178 S.E.2d 417, 421 (1971). Combining the two, this Court has stated that, "[t]he essential elements of attempted larceny are: (1) An intent to take and carry away the property of another; (2) without the owner's consent; (3) with the intent to deprive the owner of his or her property permanently; (4) an

overt act done for the purpose of completing the larceny, going beyond mere preparation; and (5) falling short of the completed offense." *State v. Weaver*, 123 N.C. App. 276, 287, 473 S.E.2d 362, 369 (1996).

In this appeal, defendant only challenges the sufficiency of the evidence in regard to the fifth element.

All of the evidence presented by the State at trial tended to show that defendant cut the A/C unit connections, loaded the A/C unit into a trailer behind his vehicle, and drove away from Ms. McDonald's mobile home with the A/C unit in tow. When Mr. Smith stopped defendant, defendant was far enough from Ms. McDonald's mobile home that the mobile home could not be seen. We hold this evidence sufficient to show a completed larceny. *See State v. Carswell*, 296 N.C. 101, 103, 249 S.E.2d 427, 428 (1978) ("A bare removal from the place in which he found the goods, though the thief does not quite make off with them, is a sufficient asportation, or carrying away." (internal quotation marks and citation omitted)); *see also State v. Walker*, 6 N.C. App. 740, 743, 171 S.E.2d 91, 93 (1969) ("The least removal of an article, from the actual or constructive possession of the owner, so as to be under the control of the felon, will be a sufficient asportation." (internal quotation marks and citation omitted)).

This does not end our analysis, however. Attempted larceny is a lesser-included offense of larceny. *State v. Ford*, 195 N.C. App. 321, 323, 672 S.E.2d 689, 690 (2009) ("[I]t is settled that attempted felony larceny is a lesser-included offense of felony larceny.") While neither party discussed the case of *State v. Canup*, 117 N.C. App. 424, 451 S.E.2d 9 (1994), we believe that the defendant's conviction should be upheld based on the guidance provided us in *Canup*. In that case, the defendant was charged with and convicted of attempted second-degree rape of the prosecutrix. The evidence at trial showed that the defendant actually inserted his penis in the victim's vagina, thus completing the offense. On appeal, the defendant in *Canup* contended that there was insufficient evidence to find each and every element of the offense and that there was a fatal variance between the indictment and the evidence at trial.

This Court, in the *Canup* case, rejected that argument saying:

> Evidence that this defendant continued to pursue his malevolent purpose and achieved penetration does not decriminalize his prior overt acts. The completed commission of a crime must of necessity include an attempt to commit the crime. As Rollin Perkins states in his treatise on criminal law, "nothing in the philosophy of juridical

science requires that an attempt must fail in order to receive recognition." Rollin M. Perkins and Ronald N. Boyce, *Criminal Law*, 612 (3rd ed. 1982). The treatise goes on to say:

> A successful attempt to commit a crime will not support two convictions and penalties, one for the attempt and the other for the completed offense. This is for the obvious reason that whatever is deemed the appropriate penalty for the total misconduct can be imposed upon conviction of the offense itself, *but this does not require the unsound conclusion that proof of the completed offense disproves the attempt to commit it.*

*Id.* at 612 (emphasis supplied).

As in *State v. Wade*, defendant, in the case at bar, contends that the evidence submitted indicated that only the greater charge of second degree rape should have been submitted to the jury. We find that the evidence submitted would have supported the defendant's being charged with either second degree rape or attempted second degree rape and convicted of either offense. The fact that the State elected to prosecute the defendant for the lesser crime of attempted second degree rape and that the jury found the defendant guilty of attempted second degree rape did not prejudice the defendant. The evidence supported that verdict. Moreover, as in *State v. Wade*, we find that if there were error, it was favorable to the defendant and harmless.

We believe that the rationale provided by *Canup* applies to the case at bar and therefore will uphold defendant's conviction for the charged offense of attempted felony larceny.

### Jury Instruction

[2] Defendant also argues that the trial judge's instruction to the jury that "[w]ires and piping connected to an air-conditioning unit are personal property[,]" was an improper expression of the trial judge's opinion as to a factual issue within the province of the jury. Thus, defendant contends he is entitled to a new trial.

Defendant is correct in his assertion that "[t]he judge may not express during any stage of the trial, any opinion in the presence of the

jury on any question of fact to be decided by the jury." N.C. Gen. Stat. § 15A-1222 (2011). Furthermore, "[t]he statutory prohibitions against expressions of opinion by the trial court contained in N.C.G.S. § 15A–1222 and N.C.G.S. § 15A–1232 are mandatory." *State v. Young,* 324 N.C. 489, 494, 380 S.E.2d 94, 97 (1989). Therefore, "[a] defendant's failure to object to alleged expressions of opinion by the trial court in violation of those statutes does not preclude his raising the issue on appeal." *Id.*

In the instant case, the trial judge instructed the jury concerning the injury to personal property charge as follows:

> Ladies and gentleman, the defendant has also been charged with willful and wonton injury to personal property. For you to find the defendant guilty of this offense, the State must prove two things beyond a reasonable doubt:

> First, that the defendant injured the personal property of the victim by cutting wires and piping to an air-conditioning unit. *Wires and piping connected to an air-conditioning unit are personal property.*

> Second, that the defendant did this willful and wantonly, that is, intentionally and without justification or excuse and without regard for the consequences or rights of others. If you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant willful and wantonly injured the victim's personal property, it would be your duty to return a verdict of guilty of willful and wanton injury to personal property. If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty as to that charge.

(Emphasis added.)

Upon review of the trial judge's instruction, we do not think the statement that "[w]ires and piping connected to an air-conditioning unit are personal property[,]" amounted to the opinion of the trial court. In issuing the jury instruction, the trial judge simply filled in the blanks in the pattern jury instruction for injury to personal property. *See* N.C.P.I.--Crim. 223.15 ("First, that the defendant injured the personal property of the victim by *(describe act)*. *(Describe property)* is personal property.") Therefore, if the statement amounts to error, it was an instructional error that was not preserved for appeal. *See State v. Eason,* 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991) ("In order to preserve a question

for appellate review, a party must have presented the trial court with a timely request, objection or motion, stating the specific grounds for the ruling sought if the specific grounds are not apparent.").[1]

Furthermore, assuming *arguendo* that the trial judge's instruction to the jury was an opinion as to a factual issue, we think the error is harmless. We find that the trial judge's instruction classifying the wires and piping as personal property was supported by the evidence. *See State v. Merritt*, 120 N.C. App. 732, 463 S.E.2d 590 (1995) (holding an impermissible expression of opinion, or an assumption that a material fact had been proved, was harmless error where it was supported by the evidence).

### III. Conclusion

For the reasons set forth above, we uphold defendant's convictions as his trial was conducted free of any prejudicial error.

No prejudicial error.

Judges HUNTER (Robert C.) and DAVIS concur.

---

1. "In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(a)(4). Here, however, defendant does not assert plain error.